## H. P. MABRY, ADM'R, *v.* N. A. BIRGE.

INTERLOCUTORY ORDER.—The wife sought to enjoin the sale under trust deeds of property she claimed as homestead, making her husband and the mortgagees parties defendant; the court appointed a receiver; pending suit the husband died, and an administrator was appointed on his estate, who collected rents accruing upon the homestead property in litigation. The court made an order directing the

administrator to pay such rents to the receiver, and restraining him from making further collections: *Held*, That this was an interlocutory order, from which appeal could not be taken.

APPEAL from Marion.    Tried below before the Hon. J. D. McAdoo.

The suit out of which this arose was instituted in the District Court of Marion county, December 5, 1871, by M. S. Ward, (wife of W. H. Ward,) against her said husband, W. H. Ward, W. M. Harrison, Erastus Jones, and J. H. Bemis, wherein she claimed certain property as a homestead, and asked that Harrison, Jones, and Bemis be restrained from selling the same under deeds of trust made by her husband on said property to secure the payment of debts of her husband to said Harrison and Jones.

On the 9th day of February, 1872, pending said suit, plaintiff's husband, W. H. Ward, died, and on the 11th of February, 1872, H. P. Mabry applied for letters of administration on his said estate, which were duly granted, and he qualified as such administrator on the 4th of March, 1872.

Pending the application for said letters of administration, on the first day of March, 1872, upon motion of Harrison and Jones, the court appointed one W. G. Bateman receiver, with authority to take charge of the property and collect the rents due and to become due from tenants on said property.

On the 7th of March, 1872, H. P. Mabry, as administrator of the estate, petitioned the court to vacate said office of receiver, and to have the property in his hands turned over to the administrator.

On the 9th of March, 1872, the court continued the motion.

June 15, 1872, said Bateman tendered his resignation as such receiver.

June 18, 1872, the court permitted said Bateman to resign the receivership, and appointed N. A. Birge, the ap-

pellee, receiver in his stead, with authority to take charge of the property, to rent the same on such terms as he could, and to collect the rents due and to become due.

August 20, 1872, Birge asked the court, by motion, to restrain the administrator from interference with said property and the collection of said rents.

August 21, 1872, H. P. Mabry, as administrator, made answer to said motion, showing that the larger portion of the estate was in the hands of the said Birge, and that he "is unable to administer the estate as the law requires him to do, unless said order placing the property in the hands of the receiver be revoked."

And on August 21, 1872, the petition or motion of Birge was granted, and the administrator was restrained from the collection of the rents and the custody of the property, from which order and decree this appeal was taken.

*Mabry & McKay*, for appellant.

GOULD, ASSOCIATE JUSTICE.—There is no assignment of errors in this case, and this of itself is a good ground for its dismissal.

But we are also of the opinion that the order appealed from is not a final judgment, but is interlocutory in its character and will not support an appeal. In the course of litigation commenced by Mrs. Ward to enjoin Harrison and Jones from selling, under deeds of trust from her husband, property which she claimed to be her homestead, and also, in part her separate property, the court appointed a receiver to collect incoming rents. Now, her husband, who was made a party defendant, dying during the suit, Mabry, his administrator, becomes a party defendant, and having collected some rents which, under the order of court the receiver was entitled to, the court, after motion and hearing, entered up an order directing him to pay over the amount collected to the receiver and restraining him from making

further collections; and from this order Mabry prosecuted this appeal. The litigation between Mrs. Ward on the one hand and Harrison and Jones, and Mabry, administrator, on the other, was certainly not disposed of, and indeed the judgment in that case is appealed from by Mrs. Ward and also by Mabry, administrator, and that appeal has been submitted to us at the same time as the present case. Evidently this order may have been, and indeed we think has been, so modified and affected by the final judgment as to render it substantially inoperative. The rents are remitted to the hands of the administrator, and the result is that those rents already in his hands will remain there.

Enough has been said to show that the order appealed from was interlocutory, and whilst the consideration of this appeal is beyond our jurisdiction no injustice will result from our ruling.

For the reason stated this cause is dismissed.

DISMISSED.

[Justices MOORE and REEVES did not sit in this case.]