## A. W. LONG v. N. B. FIELDS ET AL.

Decided January 17, 1903.

**1.—Mortgage—Deed Absolute—Purchaser Without Notice.**

A purcchaser for value from one holding under a deed absolute on its face, and who is without notice that it was intended as a mortgage, takes the legal title free of the equity, and his grantee, irrespective of notice to himself, will take clear of such equity, being entitled to protection for his grantor's sake.

**2.—Same—Evidence of Notice—Conclusion.**

Where the evidence was conflicting upon the issue whether plaintiff's immediate vendor, T., was a purchaser without notice that a prior deed from L., the common source, to C. was in fact a mortgage, it was admissible for C. to testify that T., his vendee, so far as witness knew, had no knowledge that L. was claiming any interest in the land, or that the deed from L. to C. was only a mortgage, as this was not a conclusion, and such testimony was important to rebut the adverse inference which would arise from the failure of the witness to testify on this point.

**3.—Same—Registration of Mortgage as Deed.**

A creditor can not avail himself of the provisions of the registry statutes declaring mortgages and other conveyances void as to all creditors and subsequent purchasers for value without notice unless filed for record where the debtor has executed a deed of the property absolute on its face, but intended as a mortgage, and the instrument has been duly filed as a deed. Rev. Stats., art. 4640.

**4.—Same—Trust—Exception to Registry Law.**

While the parol trust created by such a mortgage is not a resulting trust, it is nevertheless, it seems, so far in analogy thereto as to be unaffected by the denouncement of the registration law.

**5.—Innocent Purchaser for Value—Creditor.**

A creditor without notice who purchases through foreclosure proceedings of his own, merely crediting the purchase price on his debt, is not a purchaser for value entitled to the protections of the courts of equity or of the registration statutes as a purchaser for value.

**6.—Triel—Evidence—Suppressed Deposition.**

Where on formal motion before trial a deposition had been suppressed, and the order to that effect had never been set aside, it was error to admit the deposition in evidence on the trial.

Appeal from the District Court of Childress County. Tried below before Hon. G. A. Brown.

*Johnson & Aynesworth* and *Tolbert & Berry,* for appellant.

*R. S. Houssels* and *Fires & Decker,* for appellee.

CONNER, CHIEF JUSTICE.—This is an action of trespass to try title brought by appellant against N. B. Fields to recover sections 459 and 460, certificate 1-230, in block "H" of the Waco & Northwestern Railway Company's surveys in Childress County. N. G. Lane and wife, Ophelia B. Lane, made themselves parties defendant, asserting ownership to the land, and that defendant Fields was their tenant. The Lanes pleaded that certain deeds made by N. G. Lane to Zeb F. Crider,

through whom appellant claims, were only mortgages in fact, though deeds in form, and that the mortgages had been satisfied, and that their homestead was on section 459, and was there at the time of the execution of the deeds to Crider by Lane.

Appellee N. G. Lane is common source of title, and appellant claims from him through two sources: First. On the third day of October, 1899, N. G. Lane executed deeds absolute in form to Zeb F. Crider for the lands sued for, which were duly recorded in the deed records of Childress County. On the 23d day of January, 1900, appellant instituted suit against said Crider in the District Court of said county for the sum of $2100, and at the same time had a writ of attachment duly levied upon said land as the property of said Crider. This was followed up with a judgment for the full amount sued for, with a foreclosure of the attachment lien and sale by the sheriff, when appellant bought the land in for $800, which was credited on his judgment. At the time of the levy of the attachment appellant had no notice of any defect in the title of said Crider to the land, though he did have such notice prior to the foreclosure sale. Second. On the 29th of January, 1900, Zeb F. Crider conveyed the land to T. F. Timmons for a recited cash consideration of $5000, executing to him warranty deeds therefor, and appellant acquired the title of Timmons before trial.

Upon the trial appellant offered the following testimony from the deposition of Zeb F. Crider, to the exclusion of which, as appears from a sufficient bill of exception, error is first assigned, viz: "T. F. Timmons had no knowledge, as far as I know, that N. G. Lane was claiming or had ever claimed any interest in the land involved in this suit at the time I deeded them to him, nor that Lane's deed to me was only a mortgage, and that to my knowledge said Timmons had no notice of the said land being attached by Long."

We are of opinion that the court was in error in excluding this testimony. Timmons testified, in effect, that if the deeds from the Lanes to Crider were mortgages in fact, he had no knowledge thereof, and that he paid $5000 cash for the land without notice of any defect in Crider's apparent title. The particular circumstances under which he purchased as testified to by him on cross-examination, however, and other evidence not necessary to here recite, tended to rebut this theory, and the court therefore properly submitted the issue to the jury. The jury in fact found in appellee's favor on this issue, and the evidence being conflicting, as stated, made the above evidence of Crider material. Crider was a principal actor in the transfer to Timmons; the tendency of mere unexplained silence on his part might have been to appellant's prejudice, and we think he should have been permitted, as he sought to do, to exclude the possible inference that Crider was in possession of knowledge adverse to appellant on the important issue of notice; for if in fact Timmons was, as alleged, a purchaser for value and without notice of the avowed equities of the Lanes, he took the legal title freed from such equities, and appellant, of course, irrespective of whether he had such

notice, by the transfer to him acquired all the rights held by Timmons. Rev. Stats., art. 4640; White v. McGregor, 92 Texas, 556, 50 S. W. Rep., 564; Hill v. Moore, 62 Texas, 610. It is insisted, however, that the evidence was but a conclusion of the witness, and hence that the court properly sustained that objection to it offered below.

That the question of notice vel non frequently involves the conclusion to be declared by the jury and not by the witness may be conceded, but it is apparent from an analysis of the excluded testimony that the asserted conclusion of the witness that Timmons was without notice relates alone to the levy of appellant's attachment, and utterly irrelevant matter, as we view it; the material part in apt language expressed a relevant fact, viz., a state of mind; a mind free from any information that Timmons at the date of his purchase had any knowledge of the alleged fact that the deeds to Crider were mortgages and that the Lanes were asserting a claim to the lands involved; thus excluding any unfavorable inference that might be drawn from a failure to offer Crider's testimony.

By proper assignments appellant insists that as a lien creditor he is entitled by virtue of Rev. Stats., art. 4640, to take to the exclusion of the Lane equities, if any, it being undisputed that he was without notice of the same at the time of the levy under which he claims. If we could agree to this contention the error above discussed would of course be immaterial, but we do not think the law should be so declared. It has often been decided in this State, and declared by the great weight of authority elsewhere, that a deed absolute in form may by parol testimony be shown to be a mortgage in fact. If so, in the absence of statutes so requiring it, it seems reasonable that in such cases real right of the parties should not be altered by the mere form of the instrument. If once a mortgage it is ever so until by payment of the debt secured it is abrogated. In this State in cases of a mortgage the title remains with the mortgagor, the mortgagee acquiring a mere security for the payment of a debt. It hence seems to follow that the statute quoted is not available to the creditor as against a mortgage upon lands, though a deed absolute in form, which has been duly recorded, as in the case before us. Kennard v. Mabry, 78 Texas, 151; Webb, Record of Title, secs. 137-139. This view is perhaps strengthened by the fact that our registration statutes relating to mortgages upon real property have not declared that a reservation of title in the maker of an instrument of the character in question which has been actually recorded is void as to creditors, as has been done as to personal property in the chattel mortgage act. Rev. Stats., art. 3227.

The foregoing view is also perhaps further fortified by the decisions relating to resulting trusts in land. It has been well established that such trusts are not within the registration statutes. Blankenship v. Douglass, 26 Texas, 227; Grace v. Wade, 45 Texas, 532; McKamey v. Thorp, 61 Texas, 651; Senter v. Lambeth, 59 Texas, 263, and cases cited. The apparent legal title in Crider by the tendency of appellee's testimony

was held in trust by Crider for the Lanes, and such parol trust, while not a resulting trust, as appellant insists, is nevertheless, in analogy thereto, such trust as in our judgment is unaffected by the denouncement of our registration law as now written; the deed in fact being of record. Perry on Trusts, p. 162, sec. 602d; Campbell v. Dearborn, 109 Mass., 130; 1 Jones on Mort., secs. 282-316; Moreland v. Barnhart, 44 Texas, 283. See also Hawkins v. Williard, 38 S. W. Rep., 365; Leach v. Hillman, 8 Lea, 747.

In arriving at the preceding determination we have not been unmindful of the fact that, as against a bona fide purchaser for value and without notice of a reserved right in recorded conveyances to land, the courts would doubtless declare the right void, but this is so upon general equitable principles, irrespective of registration statutes. Parker v. Coop, 60 Texas, 116. In the absence of a statute so declaring, however, equity will not apply the same rule in favor of a creditor without notice who purchases through foreclosure proceedings merely crediting the purchase price on his debt.

It follows from the foregoing conclusions, which we think sufficiently dispose of the material assignments of error, that the judgment must be reversed and the cause remanded for a new trial, because of the error discussed in excluding testimony. In so ordering, however, we will add that it would seem that the court was in error in admitting the testimony by deposition objected to in the second assignment after it had been suppressed on formal motion therefor before the trial. It appears from the bill that the order suppressing this testimony had been formally entered and not set aside, and the court's explanation to the bill does not quite make it clear that the ruling was correct. This, however, as well as some other questions presented, will not likely occur on another trial, and we forbear further notice.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*