CETTI v. WILSON et al. (No. 7981.)

(Court of Civil Appeals of Texas. Ft. Worth. May 23, 1914. Rehearing Denied June 20, 1914.)

1. JUDGMENT (§ 788*)—PRIORITY OVER UNRECORDED DEED.

Under Rev. St. 1911, art. 6824, providing that a conveyance of land shall be void as to creditors and subsequent purchasers for valuable consideration without notice, unless recorded as required by law, a lien fixed by judicial process upon land without notice of an unrecorded deed is superior to such deed, and a subsequent purchase of the land even with notice of the unrecorded deed would vest title in the purchaser, though the creditor himself be the purchaser and the amount of the bid is credited upon the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1368, 1369; Dec. Dig. § 788.*]

2. DEEDS (§ 83*)—RECORDING ACT—INSTRUMENTS ENTITLED TO RECORD.

Rev. St. 1911, art. 6824, providing that all unrecorded conveyances shall be void as to creditors and subsequent purchasers for a valuable consideration without notice, does not apply to an equitable title, for that is not subject to registration. Hence, where the grantor of land conveyed his entire interest instead of the portion which was intended and conveyed to a second grantee the land reserved, the second grantee took only an equitable title, and his rights are not affected by the registration statute.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 218–221; Dec. Dig. § 83.*]

3. EXECUTION (§ 271*)—SALE—INNOCENT PURCHASER FOR VALUE.

An innocent purchaser for value will be protected as against an outstanding equitable title, and hence one who purchased one-half of a tract of land sold under execution, without notice of defendant's equitable title to one-half of the tract, takes his purchase free from defendant's equities.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 769–780, 782; Dec. Dig. § 271.*]

4. VENDOR AND PURCHASER (§ 237*)—BONA FIDE PURCHASERS—WHO ARE.

A judgment debtor who apparently held title to one-half of a section really owned only one-fourth; the conveyance to him by mistake describing the greater interest. The judgment creditor levied upon and sold the debtor's entire interest buying in one-half of the land sold. Held, that the judgment creditor was not a bona fide purchaser for value, as he merely gave a credit on the judgment, there being no present consideration, yet, as the debtor actually owned an undivided one-fourth of the section, the purchase vested in the judgment creditor good title to one-eighth of the section, and the holder

of the outstanding equitable title was entitled to the remaining one-eighth.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 577–579; Dec. Dig. § 237.*]

5. PARTITION (§ 63*)—ACTIONS—EVIDENCE.

In a suit to partition land and establish title, where plaintiffs traced their title through a purchase at execution sale, the order of sale and return of the sheriff showing levy upon the property is properly received in evidence.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 183–185; Dec. Dig. § 63.*]

6. VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASERS — NOTICE — CONSTRUCTIVE NOTICE.

Where a grantor who owned only an undivided one-half interest in a section conveyed through mistake his entire interest to another instead of a one-fourth interest as was intended, the record of a subsequent deed by the grantor to a second grantee of the remaining one-fourth interest is not constructive notice to creditors of the first grantee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 487, 513–539; Dec. Dig. § 231.*]

7. EXECUTION (§ 272*) — SALE — BONA FIDE PURCHASERS—CONSTRUCTIVE NOTICE—WHAT CONSTITUTES.

Nor was payment of taxes upon a one-fourth interest by the second grantee constructive notice to creditors who purchased the interest of the first grantee at execution sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 771, 781–788; Dec. Dig. § 272.*]

Appeal from District Court, Archer County; P. A. Martin, Judge.

Action by L. F. Wilson against Zane Cetti and others. From a judgment for plaintiff and the other defendants, the defendant named appeals. Reversed and remanded.

W. R. Sawyers, of Ft. Worth, for appellant. W. E. Forgy, of Archer, and W. S. Blount, of Nacogdoches, for appellees.

DUNKLIN, J. L. F. Wilson instituted this suit against S. W. Blount, J. D. Coker, and Zane Cetti, alleging that he owned an undivided one-half interest in a survey of 640 acres of land; that defendants owned the remaining interest; and prayed for a partition of the land between the parties. The defendants all filed answers in which each of them claimed an undivided one-fourth interest in the entire survey. It was shown without controversy that plaintiff owned an undivided one-half interest in the land, and the only issues controverted upon the trial were between the defendants. By the judgment rendered an undivided one-half interest was decreed to be in the plaintiff, an undivided one-fourth interest was decreed in Blount and Coker, each, respectively, and the defendant Cetti was denied any interest in the land. Cetti has appealed.

John R. Mahone was the common source of title claimed by the three defendants. On October 28, 1875, Mahone conveyed an undivided one-half interest in the land to Nathan Gregg, which deed was duly recorded October 4, 1877. On February 2, 1876, Mahone

conveyed an undivided one-fourth interest in the survey to John Adamson, and that deed was recorded October 14, 1876. The proof shows that the land sold by Mahone to Gregg and intended to be conveyed was an undivided one-fourth interest only, and that by mutual mistake the land actually sold was described as an undivided one-half interest instead of an undivided one-fourth interest. In order to correct this error, on January 16, 1889, Nathan Gregg executed to John Adamson a deed conveying to Adamson an undivided one-fourth interest in the survey, reciting the fact that in the deed from Mahone to Gregg the land conveyed had been erroneously described as an undivided one-half interest in the survey, instead of an undivided one-fourth interest, which was the only interest intended to be conveyed by that deed. This deed was not recorded until May 9, 1893. By a deed dated July 20, 1888, and duly filed for record four days later, John Adamson conveyed an undivided one-fourth interest in the survey to appellant Zane Cetti. It will thus be seen that the deed from Mahone to Adamson was filed for record nearly one year prior to the record of the deed which had theretofore been executed by Mahone to Gregg, but no proof was offered upon the trial to show the consideration paid by Adamson to Mahone for this conveyance and none to show that Adamson was an innocent purchaser for value of the interest so conveyed. Nor was there any contention by Cetti that either he or Adamson was an innocent purchaser under that deed.

In the district court of San Augustine county, in a suit by Henry Lewis against Nathan Gregg & Son, a writ of attachment was issued against the defendants in that suit, and on June 2, 1891, was levied upon an undivided one-half interest in the survey in controversy as the property of Nathan Gregg. On February 15, 1892, a judgment was rendered in that suit foreclosing the attachment lien and ordering the property so levied on to be sold as under execution. Under an order of sale issued upon that judgment the property was sold on August 2, 1892, to Henry Lewis, the plaintiff in that suit, and S. W. Blount upon a bid of $100, one-half of which was paid in cash by Blount; but Henry Lewis paid no money, the consideration passing from him being a credit entered upon the judgment rendered in his favor and under which the sale was made.

By mesne conveyances the undivided one-fourth interest in the land which purported to be vested in Henry Lewis by the sheriff's deed was conveyed to the defendant J. J. Coker, but those conveyances were long subsequent to the record of the corrected deed from Gregg to Adamson and only one of which was filed for record, and no proof was introduced to show the consideration paid for any of those conveyances. The case was tried by the court without the aid of a jury, and the trial judge filed findings of fact and conclusions of law. One of the findings of fact was that at the time of the levy of the writ of attachment mentioned, and at the time of the sheriff's sale under the judgment rendered in that suit, Henry Lewis and S. W. Blount "had no notice or knowledge, actual or constructive, of the existence of the deed of relinquishment from Nathan Gregg to John Adamson dated January 16, 1889, and which was not recorded until May 9, 1893." The conclusion of law reached by the trial judge was that the sheriff's deed was superior to the unrecorded deed from Gregg to Adamson and for that reason denied to Cetti any interest in the land, and whether or not that conclusion was correct is the principal question to be decided upon this appeal.

[1, 2] Article 6824, Revised Statutes 1911, reads:

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall nevertheless be valid and binding."

That article of the statutes was construed in Grace v. Wade, 45 Tex. 522, which decision has been uniformly approved in subsequent decisions of our Supreme Court and Courts of Civil Appeals. See McKamey v. Thorp, 61 Tex. 648; Hill v. Moore, 62 Tex. 610; Parker v. Coop, 60 Tex. 111; and other decisions cited in Rose's Notes of Texas Cases, vol. 2, p. 644. The rule established by those decisions is that a lien fixed by judicial process upon land without notice of an unrecorded deed is superior to such deed and that a subsequent purchase of the land, even with notice of the unrecorded deed would vest title in such purchaser to the exclusion of such deed; and that, too, even though the creditor himself be the purchaser and the amount of the bid is credited upon the judgment rendered in his favor. But in those cases the court approved the doctrine announced in Blankenship v. Douglas, 26 Tex. 226, 82 Am. Dec. 608, which decision has likewise been uniformly approved, that the registration statute above noted would not exclude an equitable title to the land as the same is not subject to registration. The question then is: Was the title held by Adamson at the time of the levy of the writ of attachment a legal or equitable title? The deed from Mahone to Nathan Gregg conveying the legal title to an undivided one-half interest in the survey having been executed by mutual mistake, in that only an undivided one-fourth inter-

est was intended to be conveyed, Gregg held the legal title in trust for Mahone, and his subsequent vendee, Adamson. In other words, while the legal title to that excess interest stood in the name of Nathan Gregg, the equitable title was in Mahone, and was thereafter vested in Adamson by the deed from Mahone and the deed of correction from Gregg, and such equitable title was not subject to registration and was not affected by the registration statute noted. Hawkins v. Willard, 38 S. W. 365; Henderson v. Rushing, 47 Tex. Civ. App. 485, 105 S. W. 840; Long v. Fields, 31 Tex. Civ. App. 241, 71 S. W. 774.

[3] But it is well settled that upon equitable principles, and independent of the registration statute, an innocent purchaser of land will be protected even as against an outstanding equitable title. Parker v. Coop, 60 Tex. 111; Long v. Fields, 31 Tex. Civ. App. 241, 71 S. W. 774; and Hill v. Moore, 62 Tex. 610. The case last cited was a contest between the appellant, Hill, the owner of the prior equitable title to land, and Moore, the bona fide subsequent purchaser of the legal title without notice of the outstanding equitable title, and, in holding that Moore's title was superior to that of Hill, our Supreme Court used the following language:

"The case is in no manner affected by the laws regulating registration, and must be determined by the rules applicable to the rights of a bona fide purchaser as they are enforced and protected in courts of equity. It is a well-recognized doctrine in equity that a bona fide purchaser of the legal title to property, who pays a valuable consideration therefor, without notice, actual or constructive, of the right of other persons, is entitled to protection against others who may have equitable title to or interest in the thing purchased; and it matters not whether the thing purchased be real or personal property."

Under this equitable doctrine, and under the facts found by the trial court and noted above, the title acquired by defendant Blount under his purchase at the sheriff's sale was superior to the title claimed by Cetti. The title thus acquired by Blount was one-half of the legal title standing in the name of Gregg at the time of the levy of the attachment writ; in other words, an undivided one-fourth interest in the entire survey; and hence the judgment awarding the defendant Blount an undivided one-fourth interest in the land was correct.

[4] But Henry Lewis, who, together with Blount, purchased at the execution sale, could not invoke the equitable rule in favor of bona fide innocent purchasers for the reason that he did not pay a valuable consideration for the deed to him; the only consideration passing from him being merely the entering of a credit upon his judgment of one-half of the bid for the property at such sale. McKamey v. Thorp, 61 Tex. 648; Long v. Fields, 31 Tex. Civ. App. 241, 71 S. W. 774. However, the credit so given upon the judgment was a sufficient consideration to vest in him title to one-half of the interest which the defendant Gregg actually owned in the survey at the time of the levy of the writ of attachment. The interest so owned by Gregg was an undivided one-fourth interest only, and under the sale by the sheriff Lewis acquired title to one-half of said one-fourth interest, or, in other words, an undivided one-eighth interest in the entire survey. Under the decisions noted above the remaining one-eighth interest in the survey was in appellant Cetti and was not affected by such sale, and judgment should have been rendered in his favor for that interest.

By another assignment of error appellant insists that the judgment in favor of Henry Lewis against Nathan Gregg & Son was not a final judgment and for that reason that the sale thereunder conveyed no title. Neither the assignment nor the proposition submitted thereunder points out any reason for the contention that the judgment was not a final one, and, after an inspection of the same, we have failed to discover any basis for that contention.

[5] We are of the opinion further that there was no error in admitting in evidence over appellant's objection the order of sale and return of the sheriff showing levy of the same upon the property in controversy, contrary to the assignments addressed to those rulings that the same were irrelevant and immaterial and showed no proper levy and sale.

By another assignment complaint is made of the findings by the trial court that Henry Lewis recovered the judgment mentioned above because the judgment was not final, in that it failed to state the names of the defendants in the judgment. There is no merit in this assignment, since the judgment does specifically decree a recovery against Nathan Gregg & Son who are identified in the judgment as the defendants in the suit.

[6, 7] We are of the opinion further that the evidence clearly shows a legal levy and return of the order of sale. The evidence amply supports the finding by the trial court that neither at the time of the levy of the attachment writ nor at the date of the sale did Henry Lewis and S. W. Blount have any actual or constructive notice of the existence of the unrecorded deed from Nathan Gregg to John Adamson. There is no merit in the contention that the payment of taxes by Adamson and Cetti upon an undivided one-fourth interest in the land from the date of the deed from Mahone to Adamson up to the date of the trial was constructive notice to Lewis and Blount. Nor was the record of the deed from Mahone to Adamson and from Adamson to Cetti constructive notice to said purchasers for the reason that at the time Mahone conveyed to Nathan Gregg he only owned an undivided one-half interest in the land, the legal title to all of which was conveyed by that deed, which was the deed through which the defendants Blount and

Coker claimed, and which was prior to the deed from Mahone to Adamson. White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875.

For the reasons noted, the judgment denying appellant Cetti any interest in the land and awarding defendant Coker an undivided one-fourth interest in the land is reversed, and judgment is here rendered in favor of Coker and Cetti each for an undivided one-eighth interest in the land in controversy. The judgment rendered in favor of appellee Blount is affirmed. In all other respects, the judgment rendered by the trial court is undisturbed, save and except that the partition decreed shall be between the parties according to the foregoing decision.