DARR et al. v. JOHNSON et al.   (No. 1533.)

(Court of Civil Appeals of Texas.   El Paso.
Dec. 6, 1923.   Rehearing Denied
Jan. 17, 1924.)

1. **Appeal and error** ⊚⟞614—Recital in judgment and finding of fact held to cure absence of strict compliance with statute as to agreed facts.

While Vernon's Sayles' Ann. Civ. St. 1914, art. 1949, requires that agreed statement of facts should be signed and certified by the court, such is not necessary where it otherwise appears from the record that the case was tried on agreed facts; and hence, where judgment and finding referred to the agreed case, strict compliance *held* cured.

2. **Appeal and error** ⊚⟞845(2)—Trial ⊚⟞368—Agreed statement of facts is in nature of special verdict.

When a case is tried on an agreed statement of facts as provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 1949, it is presented to the trial court and likewise on appeal as on a special verdict as to facts, and the law necessarily arising therefrom must be declared.

3. **Trusts** ⊚⟞136½—Instrument acknowledging holding of mere naked title not within recording statute; "conveyance."

An instrument, which was merely a written acknowledgment that one held the naked title to land as trustee for another, is not within Rev. St. art. 6824, providing that "conveyances" of land shall be void as to creditors and subsequent purchasers without notice unless acknowledged or proved and filed for record.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conveyance.]

4. **Trusts** ⊚⟞136½—Attaching creditors acquire only interest of grantee having naked title.

Where a deed, absolute on its face, conveyed' only legal title to grantee, who held it in trust for grantors, attaching creditors of grantee can acquire no more interest in the land than he had.

Higgins, J., dissenting.

Error from District Court, El Paso County; P. R. Price, Judge.

Action by J. M. Darr and others, as trustees for the Woodmen of the World against W. T. Johnson and others. Judgment for plaintiffs for partial relief only and they bring error. Reversed and rendered.

Goggin, Hunter & Brown, of El Paso, for plaintiffs in error.

Amstrong & Morrow, of El Paso, for defendants in error.

HARPER, C. J.   This action was instituted by J. M. Darr, W. S. Barnes, H. A. Borcherding, and E. P. Jones, as trustees, for the fraternal beneficiary` organization known as Woodmen of the World, against W. T. Johnson, J. W. Gage, C. L. Blandin, and E. A. Mueller to establish a trust, to remove cloud upon the title to certain lands, and to enjoin the foreclosure of an attachment· lien thereon.

The cause was submitted to the court upon an agreed statement of facts as provided by article 1949, Vernon's Sayles' Ann. Civ. St. 1914, which is as follows:

"Agreed Case.—The parties may in any case submit the matter in controversy between them to the court upon an agreed statement of facts made out and signed by them or their counsel, and filed with the clerk, upon which judgment shall be rendered as in other cases; and, in such case, the statement so agreed to and signed and certified by the court to be correct, and the judgment rendered thereon, shall constitute the record of the cause."

Judgment was entered as prayed for in favor of plaintiffs for one parcel of the lands involved, from which plaintiff has by appeal brought it here for review, and defendants, below, have filed cross-assignments. All raise the question: Did the court render the proper judgment upon the statement?

[1] First, the writer is of the opinion that the case should be affirmed for the following reason: The parties failed to comply with the provision of this statute requiring the court to certify that the agreed statement is correct, nor is it approved as an agreed statement of facts. It is therefore not sufficient to constitute either. Chickasha Mill Co. v. Crutcher (Tex. Civ. App.) 141 S. W. 355; Scott v. Slaughter, 97 Tex. 244, 77 S. W. 950.

Being without an agreed statement and without statement of facts by which to test the correctness of the court's judgment attempted to be appealed from, this court must presume that it is correct. McDowell v. Fowler, 80 Tex. 587, 16 S. W. 431.

The majority are of the opinion that the agreed facts appearing in the record signed by counsel for the respective parties should be considered and the appeal disposed of upon the facts therein shown for the following reasons:

The judgment in this case recites: "All matters of law and of fact, as set out in the agreed case, were heard by the court." The trial court's findings of fact recites that "the facts are found in strict accordance with the agreed case." While the statute requires that the agreed statement should be signed and certified by the court, it has been held that such is not necessary where it otherwise appears from the record that the case was tried upon the agreed facts. State v. Connor, 86 Tex. 133, 23 S. W. 1103; Bomar v. West, 87 Tex. 299, 28 S. W. 519.

The recitals in the judgment and findings of fact cure the failure to strictly comply with the statute, especially so since no point

in this respect is made by the appellee and no motion to strike out the agreed facts.

If the document is sufficiently authenticated to require the court to consider the case upon its merits, then the majority are of the opinion that the following is the law of the case:

Agreement:

"J. M. Darr, W. S. Barnes, H. A. Borcherding & F. P. Jones, Trustees, v. W. T. Johnson, J. D. Gage, O. L. Blandin and E. A. Mueller. No. 22425. In the above styled and numbered cause it is agreed between the parties that the following are the facts upon which judgment may be rendered herein:

"(1) Tornillo Camp No. 42, Woodmen of the World, is a local unincorporated camp or lodge of a fraternal beneficiary order known as the Woodmen of the World, the supreme camp thereof. being located at Omaha, Neb., and said Tornillo Camp No. 42, Woodmen of the World, being located at El Paso, Tex. Its property was held by trustees, and for some years previous to the 24th day of August, 1921, said trustees had held for said organization the following described tracts or parcels of land in the city and county of El Paso, Tex., in fee-simple title absolute:

"The east 16 feet 8 inches of lot 30, all of lot 31 and the west 8 feet 4 inches of lot 32 in block B of Stevens' addition to the city of El Paso, Tex., according to the map of said addition, having a total frontage of 50 feet on West Franklin street.

"Also the north ½ of lot 5, all of lot 6, and the south ½ of lot 7, in block 253 of Campbell's addition to El Paso, Tex., having a total frontage of 50 feet on North Ochoa street, the latter tract being subject to an incumbrance of approximately $800 for part of the purchase money: and on said 24th day of August, 1921, S. A. Vaughan, W. S. Barnes, and H. A. Borcherding were managers, auditors, and trustees of said Tornillo Camp No. 42, Woodmen of the World, and as such were vested with the title to the said property.

"(2) That on the 24th day of August, 1921, the said managers, as auditors and trustees, joined by E. C. Gessler as consul commander of the said camp, he being the presiding officer thereof, corresponding to president, executed a deed in general warranty form conveying the said property to F. P. Jones, said original being presented with this agreed statement of facts and submitted to the court, said deed being filed for record at El Paso county, Tex., on the 26th day of August, 1921, and recorded in Volume 375, at page 530, of the deed records of El Paso county, Tex.

"(3) That contemporaneously with the execution of the said deed, the said F. P. Jones, grantee therein, executed and delivered to the said managers and trustees an instrument, the original of which is submitted to the court with this agreed statement of facts. This instrument covered the land described in the deed hereinbefore mentioned and was filed for record in the deed records of El Paso county, Tex., on the 24th day of October, 1922, and is recorded in Volume 400 at page 137 of the deed records.

"(4) On the 22d day of June, 1922, the defendants in this suit filed a suit in the Forty-First judicial district court of El Paso county, Tex., No. 22300, against F. P. Jones and others upon individual liability for debts of the said F. P. Jones, being the same person who was grantee in the deed mentioned in paragraph 2, above. And on the same date the plaintiffs in said cause (who are defendants in this cause) caused a writ of attachment to issue out of the Forty-First judicial district court of El Paso county, Tex., and to be levied by the sheriff of El Paso county, Tex., upon the property hereinbefore described, as the property of F. P. Jones, defendant in said cause, he being one of the plaintiffs herein, and thereafter said writ of attachment was recorded in the records of attachment liens in El Paso county, Tex., in volume 2, and at said time, and all times prior thereto, defendants had no notice of the instrument mentioned in paragraph 3, above, executed by F. P. Jones, or of any trust estate therein.

"(5) Thereafter, on the 18th day of December, 1922, in this court, the defendants herein (plaintiffs in cause No. 22300) obtained a judgment against the said F. P. Jones, and one of his codefendants therein, for a large sum of money, and reference may be had to the minutes of this court for a copy of the said judgment in which the attachment lien mentioned, which was levied as hereinbefore described, was foreclosed and an order of sale was directed to be issued out of the office of the clerk of this court for the sale of the said land as under execution to satisfy the said judgment.

"(6) Previous to the execution of the instrument mentioned in paragraph 2 above, the North Ochoa street property, on which was located a dwelling, was occupied by and in the possession of tenants of the Woodmen of the World, Tornillo Camp No. 42, of El Paso, Tex., who continued in possession thereof and are still in possession of the said premises and have at all times since, as well as previous to the execution of the said instrument mentioned in paragraph 2 above, paid their rentals to the agents and officers of Tornillo Camp No. 42, Woodmen of the World, and are still paying rentals to them.

"(7) On the 6th day of December, 1922, a lis pendens notice in all respects regular was filed by the plaintiffs in this cause in the office of the county clerk of El Paso county, Tex., setting out and fully describing the allegations of the plaintiffs' original petition herein.

"(8) At the time of the filing of this suit, and at the present time, J. M. Darr, W. S. Barnes, and H. A. Borcherding are managers, trustees, and auditors of Tornillo Camp No. 42, Woodmen of the World, of El Paso, Tex., and as such, under the constitution and by-laws of said organization, are entitled to hold and are vested with the legal title to all of the property of the said organization.

"In witness whereof, we have hereunto set our hands in El Paso, Tex., this 19th day of January, A. D. 1923.

"Goggin, Hunter & Brown,
　　Attorneys for the Plaintiffs.
"Armstrong & Morrow,
　　Attorneys for the Defendants."

The instrumnt referred to in paragraph 3 as pertinent is as follows:

"The State of Texas, County of El Paso. Whereas, Tornillo Camp No. 42, Woodmen of

the World, * * * in regular session ordered the managers as auditors and trustees * * * to sell, tranfer and convey to the undersigned the following real estate (then follows description), and, whereas, said officers have executed and delivered said deed thereby, transferring and conveying said property to the undersigned: this is to acknowledge that I have received said conveyance in trust and agree to reconvey the same to such person as said officers shall direct at any time they may request said conveyance dated, signed and acknowledged, August 24, 1921. Filed for record Oct. 24, 1922."

This cause was submitted to the trial court upon agreed statement of facts, and the court found and entered judgment for the trustees of the Woodmen of the World:

"That the judgment against F. P. Jones foreclosing the attachment lien be * * * hereby removed and declared to be of no force and effect, null and void, and the title quieted in the trustees, to that parcel of property containing the improvement and occupied by tenant described above. And held the lien to be in force upon the unimproved lots."

From which the Woodmen Lodge has appealed.

[2] It is apparent that the trial court considered and determined the question of law upon the theory of notice under our registration statutes; but when a case is tried upon an agreed statement as was this one, it is presented to the trial court and likewise to this court in the nature of a special verdict as to the facts, and the court is to declare the law which necessarily arises from the facts agreed upon. Hutcherson v. W. O. W., 112 Tex. 551, 251 S. W. 491, and cases there cited.

[3] The portion of the article invoked which appellees rely on is:

"All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; * * * shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the Clerk, to be recorded as required by law." Article 6824, R. S.

The instrument signed by Jones does not purport to be a conveyance of any interest or estate in the property, but is simply a written acknowledgment that he holds the naked title as trustee for the Lodge, and as it appears in the agreed statement is proof of that fact so it is not an instrument to which the statute may be applied.

[4] The question of law upon these facts is: The deed being absolute upon its face but in fact conveying only the naked legal title to Jones, are the lands subject to the attaching creditor's lien? The majority have concluded that they are not.

The deed to Jones having conveyed the naked legal title and the equitable title remaining in the Woodmen of the World, the attaching creditors, appellees, acquired no more interest in the lands than Jones had. Blankenship v. Douglas, 26 Tex. 226, 82 Am. Dec. 608; Grace v. Wade, 45 Tex. 522; Long v. Fields, 31 Tex. Civ. App. 241, 71 S. W. 774; Cetti v. Wilson (Tex. Civ. App.) 168 S. W. 996; Reyes v. Kingman, Tex. Imp. Co. (Tex. Civ. App.) 188 S. W. 450; First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S. W. 874.

Reversed and rendered for appellant, Woodmen of the World.

HIGGINS, J., dissents as follows, as to this view of the law of the case:

The plaintiffs in error alleged:

"That at the time it was understood and agreed between the parties, grantors and grantee, that the said F. P. Jones was to hold said land in trust for the benefit of the said Tornillo Camp No. 42, Woodmen of the World of El Paso, Tex., and that the said conveyance was not in fact a conveyance in fee simple of the title to the said F. P. Jones, there being in fact no real consideration paid for the said conveyance, but the said conveyance being made for the purpose of creating a trust in the said F. P. Jones and on the said date the said F. P. Jones executed an instrument recognizing the trust and agreeing to reconvey the said property to such persons as the managers, auditors and trustees, joined by the consul commander, and clerk of the said lodge or camp, should order and direct.

"Wherefore the plaintiffs allege that the said property was being held in trust by the said F. P. Jones for the benefit of the said organization."

It is apparent plaintiffs in error are claiming an equitable title to the land evidenced by a written instrument executed by Jones duly acknowledged, which created an express trust and agreement to convey.

As I understand the decisions of the Supreme Court, the rule is settled that by virtue of the registration statute (article 6824, R. S.) the lien of an attaching creditor without notice is superior to the title created by an unrecorded instrument of this nature executed by the judgment debtor.

So far as I am aware, the right of such a creditor has never been subordinated to that of persons claiming under the debtor by unrecorded written evidence of title. It has, however, been often held that a superior right or title of third persons arising by operation of law, or which validly rests in parol, are not susceptible of registration, and therefore not within the purview of the act and not affected thereby.

In Grace v. Wade, 45 Tex. 522, it is said:

"It is well settled that the lien acquired by a judgment or levy of an execution by the common law, extends to and binds only such title or interest as the debtor has in the land at the date of the judgment or levy of the execution under which the lien is claimed, and that the

equitable rights of third persons will be upheld against the legal lien of the debtor. * * *

"But the rights of the lien creditor, and of third parties claiming by unrecorded conveyances, are not to be determined with us by the common law, but by the statute changing and modifying, and to some extent, at least, entirely abrogating the common-law rule in such case. * * *

"In Blankenship v. Douglas the distinction between the common-law lien and that given by our registration statutes, or in other words, when a third party asserts against a creditor or purchaser under his judgment a title or interest to which the registration laws do or do not apply, is fully and clearly recognized. Indeed the judgment is rested directly on this distinction. The court expressly says that the lien of the judgment would have prevailed over an unregistered deed from the defendant. But inasmuch as Blankenship claimed an equitable estate not within the contemplation of the registration laws, and therefore not affected by them, it held his equitable title not within the lien of the judgment."

In Catlin v. Bennatt, 47 Tex. 165, it is said:

"A vendor of lands, who has executed his bond for title, on payment of the purchase-money, has placed the purchaser in possession, and has transferred or collected the notes for the purchase money, retains the legal title simply as trustee, and has no interest in the land subject to execution. His creditor, who attaches land in this condition, in which, in fact, the debtor has no interest, acquires no lien, unless it be by virtue of the registration laws. (Blankenship v. Douglas, 26 Tex. 228; Freem. on Judg. § 366.) By that law, unless title bonds are recorded, they are void as to creditors of the vendor who acquire liens without notice, and as to subsequent purchasers without notice. (Paschal's Dig. arts. 4988, 4989; Grace v. Wade, 45 Tex. 522.)"

In Senter v. Lambeth, 59 Tex. 259, it is said:

"The sole question in the case is whether, under the admitted facts, the lien and rights acquired by virtue of the writ of attachment, judgment and sheriff's sale are superior to those of appellees, who hold the unrecorded vendor's lien, of which appellants had notice at or before the sale, but of which no notice was had when the writ of attachment was levied or when the judgment was obtained.

"The evidence of the vendor's lien in this case was not recorded, nor was it, in the form in which it existed (being the lien springing by operation of law out of the transaction between the parties), susceptible of registration. Let us examine in this connection some of the adjudged cases in which the effect of this want of registration has been considered. * * * [Here follows review of some cases.]

"These decisions only apply to cases where the third party to be affected by the unrecorded conveyance acquired thereby the legal title; or where his right or interest is represented by some written instrument, that is required or permitted by law to be recorded, and which he has neglected to record, and of which the judg-ment creditor had no actual notice at the date of the acquisition of his lien.

"This court has never held that the doctrines above announced applied to cases where the rights of a third party, as in this case, for example, claiming through or under the judgment debtor, were purely equitable in their character, and which were not in their nature susceptible of registration, when actual notice of such equitable title was brought home to the purchaser before the sale and purchase. * * *

"We are of opinion, in accordance with these views, that the vendor's lien, which, as we have said, springs out of the nature and character of the transaction between the parties, and originating and existing wholly independent of any contract of any kind whatever, verbal or written between the parties, is that character of equitable claim which is beyond the contemplation of our statutes of registration."

The majority opinion says that the instrument signed by Jones is not a conveyance, but a mere declaration of trust, and is not such an instrument as the registration act applies to. It is an express declaration of trust and agreement to convey and, in my opinion, within the purview of the statute. Catlin v. Bennatt; Senter v. Lambeth.

But it is not necessary, after all, to refer to the above cases for guidance in the decision of this case, for it is ruled by the decision in the parallel case of Stephens v. Keating, 17 S. W. 37, by the former Commission of Appeals, whose opinion was adopted by the Supreme Court. This quotation is from the syllabus of the case:

"Under Rev. St. Tex. art. 4332, which provides that all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless recorded as required by law, a written agreement by a grantee of land to reconvey on certain conditions, which agreement was not filed for record, does not affect a lien acquired by levy, by a judgment creditor against the holder of the legal title without notice of such agreement. * * * *"

In the course of the opinion it was said:

"If we treat the two instruments, the deed and the obligation to reconvey, as contemporaneous, the transaction between Mrs. Miller and husband and George W. Stephens had the effect to invest Stephens with the legal title to the land charged with the trust expressed in the obligation to reconvey. We think that the instruments were contemporaneous, and are to be construed together, as affecting the rights of Mrs. Miller and Stephens between themselves. An express trust was created. It was not a resulting trust, notice of which could not be given under the registration laws, but it was fully defined in an instrument independent of the deed creating an obligation to reconvey, which Stephens executed to Mrs. Miller and her husband. It was such an instrument as could have been recorded, and notice thereof given. By the levy of his execution of the land, Brown and wife, the judgment creditors, acquired a lien thereon without notice of the trust upon which Stephens held it. When a third party asserts against a creditor or pur-

chaser under his judgment a title or interest to which the registration laws do not apply, then, in such case, notice of such title or interest at the sale will be sufficient, and no lien attaches to the land in favor of the creditor or purchaser by reason of the record of the judgment or the levy of an execution. Ross v. Kornrumpf, 64 Tex. 394; McKamey v. Thorp, 61 Tex. 650; Parker v. Coop, 60 Tex. 116; Blankenship v. Douglas, 26 Tex. 226. But when a third party asserts against a creditor or purchaser under his judgment, a title or interest to which the registration laws do apply, the common-law rule is changed, and a purchaser for a valuable consideration will not be affected with notice if the creditor had none when his lien was fixed, and will take a good title whether he have knowledge of the unrecorded instrument at the time of the purchase or not. Rev. St. art. 4332; Grimes v. Hobson, 46 Tex. 416; Grace v. Wade, 45 Tex. 524. Mrs. Miller invested George W. Stephens with the legal title to the land, so far as third persons were concerned, the reservation of the vendor's lien in the deed not having the effect to reserve the legal title except as between the parties themselves and those asserting the lien. Stephens' deed was recorded, and he appeared as the owner of the legal title. He executed to Mrs. Miller and her husband an instrument affecting the title, which was an agreement to reconvey the land upon certain conditions. The instrument was signed by Stephens, and its execution was witnessed by two witnesses, but it was never proved up for record, and was never recorded. It was withheld from record until the lien created by the levy of the execution of the judgment creditor, Brown, intervened, and Mrs. Miller and her husband cannot now set up a trust defined in an instrument that might have been recorded, in order to defeat a recovery of the land by a purchaser of the property without notice of the claim, when the lien of the judgment was fixed by the levy of the execution."

This decision has never been overruled and is binding upon this court.

Being of the opinion that the ruling of the majority. is not in harmony with the construction heretofore given to the registration act by the Supreme Court in various decisions and that it is in direct conflict with Stephens v. Keating, I respectfully dissent and enter same of record.