### OCEAN ACCIDENT & GUARANTEE CORPORATION, Limited, v. RIGGINS et al. (No. 456.) *

(Court of Civil Appeals of Texas. Waco. Jan. 6, 1927. Rehearing Denied Feb. 17, 1927.)

1. **Appeal and error ⬤⟺519—Where parties submitted cause upon agreed statement of facts, such statement was properly included in transcript on appeal (Rev. St. 1925, arts. 2177, 2239).**

Where parties submitted cause upon agreed statement of facts as provided for under Rev. St. 1925, art. 2177, provisions of article 2239 had no application, and agreed statement of facts was properly included in transcript on appeal.

2. **Appeal and error ⬤⟺845(2)—Trial ⬤⟺368—Where case is tried upon agreed statement, it is presented to trial court and appellate court in nature of special verdict as to facts for decision of law thereon (Rev. St. 1925, art. 2177).**

Where case is tried upon agreed statement of facts as provided for under Rev. St. 1925, art. 2177, it is presented to trial court and

also to appellate court in nature of special verdict as to facts, and court is to declare law arising from facts agreed upon.

**3. Trial ⬤⟿388(4)—As general rule conclusions of fact by trial court have no office in trial of case upon agreed statement of facts.**

Conclusions of fact by trial court have no office in trial of case upon agreed statement of facts, as general rule.

**4. Master and servant ⬤⟿375(1)—Injury to cook while buying pistol discharged held not compensable as received in course of employment (Workmen's Compensation Law [Vernon's Ann. Civ. St. 1925, art. 8309, pt. 4, § 1]).**

Injury resulting in death to cook on other than employer's premises, when pistol he intended to buy was discharged while he was examining it while in hands of another, was not sustained in course of employment within meaning of Workmen's Compensation Law (Vernon's Ann. Civ. St. 1925, art. 8309, pt. 4, § 1), and dependents had no right of recovery.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Suit by Maggie Lou Riggins and others against the Ocean Accident & Guarantee Corporation, Limited, to set aside an award of the Industrial Accident Board. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

Capps, Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Houtchens & Clark, of Fort Worth, for appellees.

STANFORD, J. This suit was instituted by Maggie Lou Riggins, S. F. Houtchens, and C. F. Clark, as plaintiffs, against the Ocean Accident & Guarantee Corporation, Limited, as defendant, to set aside an award of the Industrial Accident Board of Texas, and to recover of said insurance company compensation for the death of James M. Riggins, son of Maggie Lou Riggins, while in the employment of the Central Boarding & Supply Company at Bufkin, Tex., it being alleged that at about 12 o'clock noon on July 4, 1924, the said James Riggins was accidentally killed by a discharge of a pistol, and that at the time of his death the said James Riggins was in the course of his employment as a cook for the said Central Boarding & Supply Company; that the Ocean Accident & Guarantee Corporation, Limited, at the time of the death of said James Riggins, had in force an insurance policy written under the provisions of the Workmen's Compensation Laws of Texas for the benefit of the employés of the Central Boarding & Supply Company, and that the said James Riggins was protected by the provisions of said policy, etc.; that at the time of his death the said James Riggins was earning an average weekly wage of $25 and contributing $25 per month to the support of his mother, Maggie Lou Riggins. Plaintiffs prayed for judgment against the Ocean Accident & Guarantee Corporation, Limited, for compensation at the rate of $15 per week for 360 weeks, or a total sum of $5,400.

Defendant, appellant herein, answered by a general denial and alleged that James Riggins did not at any time receive an injury while in the course of his employment for appellant, and that he (the said James Riggins) did not, while engaged in the work or the furtherance thereof of the Central Boarding & Supply Company, nor while employed by said company, receive any injury resulting in his death, as alleged by plaintiffs.

The case was tried before the court, without the aid of a jury, and judgment rendered for appellees.

[1] On a former date this court overruled, without written opinion, appellees' motion to strike out the statement of facts in this case, said motion being based upon the statement being incorporated in the transcript; but, by what appellees term their first independent proposition, they seek to raise the same question, and contend that under article 2239, Revised Statutes, it was error to include the statement of facts in the transcript, and to fail to have said statement made in duplicate, and to send the original to this court as a part of the record in this cause. While not required so to do, we will state briefly the grounds upon which we formerly overruled, and now again overrule, appellees' said motion. The record discloses clearly that prior to the trial of this cause an agreed statement of facts was made, and duly signed by appellant and appellees, and this agreed statement constituted the entire evidence considered by the trial court in rendering its final judgment. This agreed statement was filed in the trial court April 15, 1926. The case was tried on May 4, 1926, and the judgment recited that it was rendered upon said agreed statement of facts. The trial court properly certified said agreed statement, and that it was considered by the court, and that there were no other facts considered by the court in rendering the judgment so rendered in said cause. Under the provisions of article 2177, Revised Civil Statutes of 1925, the parties had the right to submit said cause upon an agreed statement of facts, and, having done so, the provisions of article 2239 of the Revised Statutes have no application. The agreed statement of facts was properly included in the transcript. Article 2177, Rev. Statutes 1925; North River Ins. Co. v. Hipsher (Tex. Civ. App.) 280 S. W. 328 (writ refused); Darr et al. v. Johnson et al. (Tex. Civ. App.) 257 S. W. 682. Appellees' motion to strike the agreed statement from the transcript is overruled.

[2, 3] The trial court in his judgment finds the following facts:

"That at the time of the death of said James Monroe Riggins he was in the employment of the said Central Boarding & Supply Company, and that said injuries and death were received in the course of his employment and grew out of and were incident to said employment, and were received while the said James Monroe Riggins was engaged in the course of his employment."

When a case is tried upon an agreed statement, as was this case, it is presented to the trial court and likewise to this court in the nature of a special verdict as to the facts, and the court is to declare the law which necessarily arises from the facts agreed upon. As a general rule, conclusions of fact by the trial court have no office in the trial of a case upon an agreed statement of facts. Darr v. Johnson (Tex. Civ. App.) 257 S. W. 682; Hutcherson v. Sev. Camp, W. O. W., 112 Tex. 551, 251 S. W. 491, 28 A. L. R. 823; Texas Mexican R. Co. v. Scott, 60 Tex. Civ. App. 482, 129 S. W. 1170; Osark Land Co. v. Hays, 105 Mo. 143, 16 S. W. 957; 38 Cyc. 1934. This much is said in view of appellees' contention that the findings of the trial court are binding on this court.

Appellant presents three assignments of error; the substance of each being that the court erred in rendering judgment for appellees and in refusing to render judgment for appellant. Under the law as applied to the facts in the agreed statement, we do not find it necessary to decide the question as to whether Riggins was an employé of the Central Boarding & Supply Company at the time of his injury and death, but will consider at once the controlling question, as we view the case, which is, Was James Riggins, at the time he received the fatal injury, engaged in the course of his employment for said supply company? As shown by the agreed statement, the Central Boarding & Supply Company had its central office at Fort Worth, Tex., and was engaged in furnishing food to railroad gangs on various railroads in Texas; that Riggins was employed by said company at Fort Worth on the 26th day of June, 1924, to cook three meals per day for a certain railroad gang employed in labor at Bufkin, Tex.; that, at the time he departed from Fort Worth for Bufkin to take up his duties as cook, he requested a position at some other camp of said supply company on the Frisco Railroad, if there should be an opening; that on the 3d day of July, 1924, the supply company sent to Bufkin, Tex., where Riggins was then stationed, another employé of said supply company, who was also a cook, with a letter of instructions to Riggins that the bearer was to relieve Riggins as cook, and to furnish Riggins with a pass to return to Fort Worth. At that time and prior thereto it was the custom of the supply company, and, as a part of the consideration of hire, to furnish railroad passes to cooks to and from the place where such cook was to work. The supply company planned to meet Riggins upon his arrival at Fort Worth, and, if Riggins desired employment at a camp on the Frisco Railroad, to offer same to him. The new cook, Hauk, arrived at Bufkin on the night of July 3, 1924, and began his duties as cook at said camp by preparing breakfast on the morning of July 4, 1924, and Riggins prepared his last meal there, which was supper, on the night of July 3, 1924. After the death of Riggins, which occurred about 2 p. m. on July 4, 1924, his relatives were paid by the supply company for the time he worked up to and including supper of July 3, 1924.

If the deceased was an employé of said supply company at the time he received the fatal injury, was said injury received by him while in the course of his employment with said company? The term "injury sustained in the course of employment" has been defined by our Workmen's Compensation Law as:

"An injury * * * having to do with and originating in the work, business, trade or profession of the employer, received by an employé while engaged in or about the furtherance of the affairs or business of his employer," etc.    Article 8309, pt. 4, § 1, Vernon's Statutes 1925.

So the question here involved, stated in the light of the statutory definition of the term "an injury received in the course of his employment," is, Was the deceased's injury one "having to do with and originating in the work * * * of his employer and received by him while engaged in or about the furtherance of the affairs or business of his employer"? The agreed statement of facts shows that, in addition to his wages, Riggins was furnished a room, consisting of a bunk in a freight car, under the control and possession of the Central Boarding & Supply Company. In addition to the five cars used and controlled by the Central Boarding & Supply Company, there were attached to said five cars other cars belonging to the railroad company, which latter cars were used by the employés of the railroad company, and were under the exclusive management and control of the railroad company, and were in no way used by the Central Boarding & Supply Company, its officers or employés, nor was it any part of Riggins' duties as cook to be in, on, or about the cars under the control and management of the railroad company. Shortly after the noon hour on July 4, 1924, the deceased, Riggins, went into the car occupied by and under the control of the foreman of the railroad company, and, while examining a pistol which deceased desired to buy, the pistol exploded while in the hands of the railroad foreman, and the shot from the same accidentally killed the said Riggins. The agreed statement of facts shows that Riggins was to cook three meals a day in the

car or cars under the control and in the possession of the Central Boarding & Supply Company.

[4] From the above agreed statement of the facts, we think it is clear, even if the deceased was an employé at the time of his injury, that said fatal injury was not sustained "in the course of employment"; that is, the injury received by the deceased did not originate in the work as cook for the employer. The risk of such injury was not incident to, did not arise out of, and was in no way connected with, his duties as cook. In fact, it was agreed, as shown by the agreed statement of facts, that it was no part of the duties of the deceased while working as cook, nor was it required of him, nor was it in the course of his employment as such cook, to have a pistol in or about his possession nor in any way handle a pistol or any other kind of firearm. We think it equally clear that, in the handling and examination of said pistol, resulting in its discharge and the death of deceased, he was not "engaged in or about the furtherance of the affairs or business of his employer." He was not in any one of the five cars in the possession and control of his employer, but had gone into a car in the exclusive possession and control of the railroad, and occupied by the foreman of the gang of laborers, to see the foreman about buying the pistol, which was accidentally discharged during such examination, and resulted in his death. If he was an employé as cook at the time of his death, as he had left, as it were, his employer's premises and gone on a purely personal mission, that of buying a pistol, and, while so engaged in said wholly personal matter, not in furtherance of the affairs of his employer, but in furtherance of his own individual private matters, that of buying a pistol, and as a result lost his life, he was not protected by the Workmen's Compensation Law while so engaged, and his dependents have no right of recovery. Texas Employers' Ins. Ass'n v. Bailey (Tex. Civ. App.) 266 S. W. 192 (writ refused); Lumbermen's, etc., Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; American Ind. Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; McClure v. Georgia, etc., Co. (Tex. Com. App.) 251 S. W. 800; Pace v. Appanoose County, 184 Iowa, 498, 168 N. W. 918; In re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; London Guaranty & Accident Co. v. Smith, 290 S. W. 774, by this court. As we view this case, the admitted facts show no right of recovery by appellees.

We sustain appellant's assignments to the effect that Riggins was not engaged in the course of his employment for the supply company at the time of the fatal injury, and reverse and hereby render judgment for appellant.