UHL *v.* WEIDEN.

EXECUTION—LIEN—RECORDING LAWS—RESULTING TRUST—AGENCY.

3 Comp. Laws 1897, § 9224, providing that the lien of a levy of execution shall, after the filing of notice with the register of deeds, be valid against "prior grantees" of whose claims the execution creditor had no notice, does not enable an execution creditor to obtain by his levy superior rights in land the title to which was taken by the debtor in his own name without authority from the real purchaser, as whose agent he was acting, even though the owner delays until after the levy the recording of a deed from the agent to himself, which, upon learning the facts, he caused to be executed, since, independent of his title as grantee under such deed, he has an enforcible title by virtue of 3 Comp. Laws 1897, § 8837, which provides that a trust shall result in favor of the person furnish-

ing the consideration for a deed when the alienee therein takes title in himself without the knowledge or consent of such person.

Appeal from Kent; Grove, J. Submitted January 5, 1900. Decided January 23, 1900.

Bill by David E. Uhl against Hubert Weiden and others to remove a cloud from title, and to correct a description in a deed. From a decree for complainant, defendants appeal. Affirmed.

*Frank W. Hine,* for complainant.

*Henry J. Felker,* for defendants.

HOOKER, J. On July 16, 1898, the complainant had a contract for the purchase of certain lots in Grand Rapids from the Kent County Savings Bank, and had employed one Herrington, a real-estate dealer of that city, to negotiate sales of the same. Henderson and wife owned some lots, upon which they resided, and Herrington negotiated a trade between them and the complainant, Uhl, who accepted a proposition to trade some of his lots for the Henderson property, and authorized Herrington to make the trade. He caused the Kent County Bank to make a deed to him, and he executed a deed to the Hendersons. He directed Herrington to deliver this, and take a deed for the Henderson property. Herrington took this deed to himself, instead of to Uhl, without the latter's knowledge, explaining it by saying he wanted it to appear that he was doing a large business, and that he was in the habit of taking deeds to himself under similar circumstances, and then deeding to his principal, which he would do in this case, and which he did. The deed to Herrington was immediately recorded, by Uhl's direction, while the deed to Uhl was not placed of record until July 23, 1898. Meantime the other defendants, who had a judgment against the Herringtons, levied an execution upon the land, and caused the notice provided for by statute ( 3 Comp. Laws

1897, § 9224) to be filed. The complainant's bill is filed to remove the cloud upon his title caused by the levy, and incidentally to correct the description in the deed from Herrington, which described the land as "lot one, and the west twelve feet of lot of Gerritt Dupree's addition," instead of "lot one, and the west twelve feet of lot *two*, of Gerritt Dupree's addition."

The statute (section 9224) is as follows:

"*The People of the State of Michigan enact,* That no levy by execution on real estate, made after this act shall take effect, shall be valid against *bona fide* conveyances made subsequent to such levy, until a notice thereof, containing the names of the parties to the execution, a description of the premises levied upon, and the date of such levy, shall be filed by the officer making the same in the office of the register of deeds of the county where the premises are situated, and such levy shall be a lien thereon from the time when such notice shall be so deposited; and the lien thus obtained shall, from the filing of such notice, be valid against all prior grantees and [mortgagees] mortgages of whose claims the party interested shall not have actual nor constructive notice."

By taking title to himself, Herrington perpetrated a legal fraud upon Uhl, though it appears to have been accompanied by no design to wrong or injure him. Had this levy been filed at once, before Uhl learned of Herrington's action, or before he had an opportunity to protect himself by legal proceedings and *lis pendens,* we should doubt the efficacy of this statute to give the levy priority over Uhl's title. Indeed, he would not be within the letter of the statute, for in such case it could not be said that he was a grantee of Herrington. It follows that the entire support for defendants' claim is the fact that complainant took a deed from Herrington,—thus becoming his grantee in a technically legal sense,—instead of resorting to a court of justice to compel the declaration of a trust in his favor and a conveyance of the estate. It would seem that the law should permit the voluntary conveyance which it would otherwise compel, and that the

complainant should not be permitted to lose, or the defendants to gain, by a laudable act upon the part of Herrington, having for its object the conveyance of a naked legal title to one who had already the right to every substantial interest in the property conveyed.  3 Comp. Laws 1897, § 8837; *Connolly* v. *Keating*, 102 Mich. 1, and cases cited.

It is urged that the act of Herrington in taking the deed to himself was ratified by the complainant; but we are not impressed by this contention.  It is obvious that he never intended that Herrington should take title; but, after he had taken it without his consent, and against his rights, he permitted him to take the shortest method of correcting the wrong.  What force there is to the defendants' claim is due to complainant's neglect to record his deed for a few days; and had the levy been followed by a sale, and had the land fallen into the hands of a *bona fide* purchaser for value, it is possible that this delay might have proven fatal to the complainant's claim under other statutes. But here there is no *bona fide* purchaser for value, but an execution creditor, who has lost nothing, insisting upon applying the property of A. to the payment of his claim against B.  Under some circumstances this statute might require this, but its application should not be enlarged by construction.  So far as the naked legal title is concerned, this deed may be declared void as against the levy; but the complainant has a better and underlying title, one not created by this deed nor affected by it, and one not within the letter nor the spirit of the statute.  He is in a different position from a purchaser from Herrington, taking title under the deed from Herrington only.  Wipe out his deed, and he still has a superior claim.  The case of *Hawkins* v. *Willard*, (Tex.) 38 S. W. 365, is substantially like the present case, and it was held that the recording act did not apply.

It is claimed that the record shows that Herrington concealed from Henderson Uhl's connection with the transaction for fraudulent purposes, and that this was

the reason that the deed was taken to Herrington. Henderson is not complaining, and, if he were, he, and not these defendants, should be relieved, if either. It is beyond controversy that this land was paid for by Uhl, and Herrington had no interest in it. The deed taken in his name was held in trust, under the statute cited, for complainant; and, if we are not wrong in our view of the law, that is decisive against the only defense that the defendants can make.

The decree is affirmed, with costs.

The other Justices concurred.