### M. M. HENDERSON ET AL. V. J. A. RUSHING ET AL.

#### Decided November 16, 1907.

**1.—Express Trust—Statute of Frauds—Registration Statutes.**

In pursuance of an agreement between P. and M. that P. should buy a certain tract of land for M., P. bought the land, taking the deed in his own name and executing his notes for part of the purchase money. M. furnished part of the money with which to pay the notes and rendered certain valuable services to P. After the notes were all paid P. conveyed the land to M. in consummation of the agreement; but before this deed was recorded a creditor of P. fixed an attachment lien on the land and bought in the same at sheriff's sale. In a suit of trespass to try title for the land by M. against the creditor, held, that M. was entitled to recover. The agreement between M. and P. constituted a parol, express trust which was subject neither to the statute of frauds nor to the registration statutes.

**2.—Execution Sale—Innocent Purchaser.**

A judgment creditor who buys in land at sheriff's sale and merely credits the amount of his bid on his judgment, can not invoke the doctrine of innocent purchaser for value.

#### ON REHEARING.

**3.—Land—Trust Estate.**

The rule that the facts which show a trust in land must exist at the *instant* the title passes, and that no prior or subsequent agreements of the parties will create a trust, is true only of resulting trusts and not of parol express trusts.

**4.—Parties—Unnecessary Joinder of Wife—Judgment Conclusive.**

Where the wife unnecessarily joins with the husband in a suit for community land and no objection is interposed by the defendant, the judgment rendered will conclude both husband and wife, and the misjoinder is not cause for reversal.

Appeal from the District Court of Bosque County. Tried below before Hon. L. B. Davis, Special Judge.

*J. P. Word, Levi Herring, J. H. Cureton* and *John J. Hiner,* for appellants.—One who purchases property for the use and benefit of another, has no beneficial interest therein, but holds the same as trustee for the real owner, and an execution sale against the apparent owner of such property passes no title thereto as against the real owner, in the absence of fraud. Wethered v. Boon, 17 Texas, 146; Barnett v. Vincent, 69 Texas, 685; Burnham, Hanna, Munger & Co. v. McMichael, 6 Texas Civ. App., 500.

Appellees having bought the land in controversy at execution sale and credited the amount bid on their judgment, took the land

charged with all the rights and equities in favor of appellants. McKamey v. Thorp, 61 Texas, 648; Barnett v. Vincent, 69 Texas, 685; Wethered v. Boon, 17 Texas, 146.

*E. B. Robertson* and *C. M. Cureton,* for appellees.—The court did not err in rendering judgment in favor of the defendants because under the law that was the only judgment which could have been rendered, under the conclusions of fact found by the court, there having been no trust proven nor found by the court. Again, where property is purchased by one person, for part cash and balance on credit of the purchaser, the fact that another person may afterwards furnish money with which to pay the deferred payments does not create any trust relationship. In order to create a trust in land the money must have been furnished by the cestui que trust at the time the title is taken in the purchaser, and no after payments can have the effect to create the trust relationship. Lacy v. Clements, 36 Texas, 661, 663; Williams v. San Saba Co., 59 Texas, 442-445; Arnold v. Ellis, 20 Texas Civ. App., 271; Caldwell v. Bryan's Executor, 20 Texas Civ. App., 174; Oury v. Saunders, 77 Texas, 282.

SPEER, Associate Justice.—This is an action of trespass to try title instituted by appellant M. M. Henderson, joined by her husband (Simon Henderson), to recover from appellees a lot of land situated in the town of Walnut Springs, Texas. The court before whom the case was tried entered a judgment for the defendants and the plaintiffs have appealed.

The contention of appellants is that upon the facts found by the District Judge, there being no statement of facts, judgment should have been entered in their favor. The facts found are:

"I find that both plaintiffs and defendants claim the land described in the plaintiffs' plea from a common source, to wit: Chambers. That the plaintiffs claim through a deed from said Chambers to P. Henderson dated January 10, 1901, and filed for record on December 10, 1902. Consideration expressed in said deed was $15 cash and the grantee's notes therein, to wit: fourteen notes, each for $10, due and payable monthly, except the last note, which is for five dollars, and that the cash paid at the date of the deed was paid by the grantee, and that the notes were all paid by the grantee, P. Henderson, and that $25 of grantee's money was used in paying said notes and $60 of said money was furnished by the plaintiff M. M. Henderson, and $20 by the other plaintiff; $25 was furnished by the son of plaintiffs, who was a minor, and that when all of said notes had been (paid), the grantee demanded of the party who held said notes, to wit:—Myers— (a release), and which release was executed by said Myers and a deed from P. Henderson to the plaintiff M. M. Henderson, expressing a consideration of $225 cash and dated 5th day of December, 1902, and filed for record December 10, 1902, and that the consideration was paid in consideration of $105 furnished him to pay the notes he executed for said land when deeded to him and

for services said M. M. Henderson had rendered him prior to that time.

"I also find that before said land was bought by Henderson, said P. Henderson and M. M. Henderson had a verbal agreement that said P. Henderson should buy said land for her, but that she furnished no money prior to the purchasing said land on or at the time of the purchasing same, to pay for said land. I refer to said deeds and release for a full description of same. I further find that the defendants claimed said land by virtue of a suit brought in Justice Court, Precinct No. 3, of Bosque County, Texas, on 2d day of December, 1902, by defendants in this suit against P. Henderson for $103.50, and on said day and date there was an attachment issued in said case in said Justice Court in favor of plaintiffs in said Justice Court, and against P. Henderson, defendant therein, and on said day and date levied on said land in controversy, and that on 14th day of February, 1903, there was a judgment rendered in said case in said Justice Court in favor of plaintiffs therein and against the defendant P. Henderson for $103.50, and costs of suit, and reciting the levy and issuance of said attachment, and that on the 27th day of August, 1903, there was an execution issued on said judgment and duly levied on said land and duly advertised and sold on 1st Tuesday in October, 1903, and bought by plaintiffs in execution and defendants in this suit for $85, which bid was credited on said judgment and deed duly executed by the officer to plaintiffs in said execution for said land."

We sustain appellant's contention for the following reasons: The agreement between P. Henderson and appellant M. M. Henderson, by the terms of which the former was to buy the land for the latter, constituted a parol, express trust which, under the decisions in this State, was not subject either to the statute of frauds or to the registration statutes. Brown v. Jackson, 40 S. W. Rep., 162; Hawkins v. Willard, 38 S. W. Rep., 365. The case last cited is peculiarly applicable. In that case one Josephine Hawkins conveyed land to her son, B. O. Hawkins, to enable him to borrow money with which she might discharge a lien against the same. The lien, however, having been discharged in another way, the son reconveyed the property to his mother, but this conveyance was not placed of record until a creditor of B. O. Hawkins had seized the land under a writ of execution. It was decided that the holding of the son was in trust for his mother, and that her equitable rights, not being subject either to the statute of frauds or of registration, were superior to those of the execution creditor, and that the threatened sale would be enjoined at her instance.

The doctrine of innocent purchaser is not invoked in the case, nor could it be successfully, since appellees merely credited the amount of their bid on their judgment against P. Henderson. Orme v. Roberts, 33 Texas, 768; Delespine v. Campbell, 52 Texas, 4; Cobb v. Trammell, 9 Texas Civ. App., 534.

The judgment of the District Court is therefore reversed and judgment here rendered in favor of appellants.

### ON REHEARING.

The rule invoked by appellee to the effect that the facts which show a trust in land must exist at the instant the title passes, and that no prior or subsequent verbal agreements of the parties will create a trust, is true only of resulting trusts, and most of the authorities cited are of that character. It is not at all true with reference to parol express trusts, for they invariably grow out of prior oral agreements and have always been sustained when the facts warrant it. See Gardner v. Rundell, 70 Texas, 453; Lucia v. Adams, 82 S. W. Rep., 335; Stafford v. Stafford, 71 S. W. Rep., 984; 96 Texas, 106.

It is insisted that we erred in rendering judgment for appellant M. M. Henderson because the property recovered is shown conclusively to be the community property of Mrs. Henderson and her husband. But let it be so, no error appears inasmuch as both the husband and wife are made parties plaintiff in the amended original petition upon which the case was tried, and both prayed for a recovery and no exception was at any time interposed to the unnecessary joinder of Mrs. Henderson as a plaintiff. It is not conceived how any injury has resulted to appellees in this respect. In such a case no ground for reversal is shown. San Antonio St. Ry. Co. v. Helm, 64 Texas, 147; Johnson v. Erado, 50 S. W. Rep., 139; Speer, Married Women, sec. 287. Besides, the judgment here rendered is in favor of both plaintiffs generally and it certainly can not be that the husband in such a case, as representative of the community, would not be concluded by the judgment. The motion for a rehearing is therefore overruled.

*Reversed and rendered.*

Writ of error refused.