W. F. JOHNSON v. J. M. DARR ET AL.

No. 4300. Decided May 23, 1925.

(272 S. W. 1098.)

1.—Record of Title—Declaration of Trust—Attaching Creditor.

A declaration of trust by one to whom the legal title to land has been conveyed by deed for purposes of such trust, but on its face an absolute conveyance, is not such a "sale and conveyance" as is required by Article 6824, Revised Statutes, to be recorded, or else to be void against creditors. (Pp. 519, 520).

2.—Same—Case Stated.

Trustees of a corporation holding title to land conveyed it to J. by deed absolute on its face, but in fact in trust to be conveyed by J. as they should direct, and J. executed a written declaration of the trust under which he held. Before the latter instrument was recorded creditors of J. attached the land for his debt to them. *Held:*

(1) The equitable title of the corporation was not required to be recorded in order to protect it against creditors of J. who by their attachment took only such interest in the land as J. possessed. (P. 520).

(2) Nor was the written declaration of such trust by J., though an instrument entitled to record, required to be recorded as against claims of J.'s creditors. (Pp. 520-526).

(3) Purchasers of the legal title without notice of the equities of another are protected as such irrespective of the statutes of registration. But attaching creditors are not so protected, and their rights rest on the statutes alone. (Pp. 525-527).

3.—Cases Distinguished.

The following cases are distinguished as involving by their facts no question as to the rights of creditors merely, as distinguished from purchasers, against unrecorded deeds: Stephens v. Keating, 17 S. W., 37; Chamberlain v. Boon, 74 Texas, 659; Baldwin v. Richardson, 33 Texas, 16; Batts & Dean v. Scott, 37 Texas, 59; Wimberly v. Bailey, 58 Texas, 227; Linn v. LeCompte, 47 Texas, 440; Briscoe v. Bronaugh, 1 Texas, 326; McKamey v. Thorp, 61 Texas, 651; Masterson v. Burnett, 66 S. W., 93; Paris Grocer Co. v. Burk, 105 S. W., 174; Ranney v. Hogan, 1 Posey, 253; Catlin v. Bennett, 47 Texas, 165. (Pp. 526, 527).

Error to the Court of Civil Appeals for the Eighth District, in an appeal from El Paso County.

J. M. Darr and others, Trustees for the Woodmen of the World, sued W. T. Johnson and others and appealed from the judgment of the District Court. The Court of Civil Appeals reformed and rendered the judgment in favor of appellants (257 S. W., 683) and appellees obtained writ of error.

The disqualification of all the judges of the Supreme Court to pass on this application having been certified to the Governor; Mrs. Hortense Ward was commissioned as Chief Justice and Miss Ruth V. Brazzel and Miss Hattie L. Hennenburg Associate Justices to constitute the Supreme Court of the State for the purpose of passing on the application and making final disposition of the case.

*Neill, Armstrong & Morrow,* for plaintiffs in error.

The declaration of trust was an instrument to which the registration laws apply. Eylar v. Eylar, 60 Texas, 320; Ranney v. Hogan, 1 Posey, 252; Chamberlain v. Boon, 74 Texas, 659; Baldwin v. Richardson, 33 Texas, 16; Batts et al. v. Scott, 37 Texas, 64; Wimberly v. Bailey, 58 Texas, 227; Linn v. LeCompte, 47 Texas, 440; Briscoe v. Bronaugh, 1 Texas, 326; McKamey v. Thorp, 61 Texas, 651; Masterson v. Burnett, 66 S. W., 93; Grace v. Wade, 45 Tex., 522; Stephens v. Keating, 17 S. W., 37; Arts. 6823, 6827 and 6828, Vernon Sayles' Statutes.

A written instrument declaring a trust must be recorded to be effective against an attaching creditor, without notice thereof. Stephens v. Keating, 17 S. W., 37; Paris Gro. Co. v. Burk, 105 S. W., 174; Ranney v. Hogan, 1 Posey, 253; Linn v. LeCompte, 47 Texas, 440.

The Court erred in holding that the attaching creditors, appellees, acquired no more interest in the land than Jones had. Grace v. Wade, 45 Texas, 522; Catlin v. Bennett, 47 Texas, 165; Senter v. Lambeth, 59 Texas, 259; Parker v. Coop, 60 Texas, 111; Robertson v. McClay, 48 S. W., 35; Stephens v. Keating, 17 Texas, 37.

*Goggin, Hunter & Brown,* for defendants in error.

The declaration of trust executed by Frank P. Jones on August 16, 1921, contemporaneously with the execution of the deed from the trustees of the Woodmen of the World to Jones, though entitled to registration under R. S. Article 6823, yet was not such an instrument as was required to be registered under Article 6824. Where an instrument is not within the purview of Article 6824, and therefore not required to be registered, attaching or judgment lien creditors can acquire no rights in the property superior to or higher than the rights of the debtor as a result of a failure to record the instrument. An attaching or judgment creditor parts with nothing of value and cannot claim the benefit of the doctrine of estoppel as in the instance of a *bona fide* purchaser for value. Where attaching creditors seek to acquire a superior interest or greater interest in the land by virtue of their attachment than their debtor has, they must bring themselves strictly within the terms of the registration acts, and their rights must arise out of the provisions thereof, since they cannot claim the benefit of the doctrine of estoppel, and any notice to them prior to first sale is effective to prevent the vesting of any interest. Blankenship v. Douglas, 26 Texas, 225; Cetti v. Wilson, 168 S. W., 996; First State Bank v. Jones, 107 Texas, 623; Grace v. Wade, 45 Texas, 522; Hawkins v. Willard, 38 S. W., 365; Henderson v. Rushing, 105 S. W., 840; Reyes v. Kingman Imp. Co., 188 S. W., 450; Shear Co. v. Currie, 295 Fed., 843; Traders' Natl. Bk. v. Prince, 228 S. W., 160.

CHIEF JUSTICE HORTENSE WARD delivered the opinion of the court.

This is an action instituted by J. M. Darr and others as trustees for the fraternal beneficiary organization known as Woodmen of the World against W. T. Johnson and others to establish a trust, remove cloud and enjoin sale under attachment lien and judgment of foreclosure involving two tracts of land in the City of El Paso.

The cause was tried upon an agreed statement of facts and judgment was entered in the trial court in favor of plaintiffs for one of the tracts involved and for the defendants for the other. On appeal, the Honorable Court of Civil Appeals at El Paso reversed the case and rendered judgment for appellants, Woodmen of the World. for both tracts, Justice Higgins dissenting.

The agreed statement of facts is fully set out in the opinion of that court; 257 S. W., 683. The facts in substance are that the trustees of the Woodmen of the World, for a nominal consideration, on August 24th, 1921, conveyed the title to the two tracts of land involved in the suit to F. P. Jones. On the same date Jones executed an agreement to hold it in trust for them and to reconvey when called upon to do so. The agreement to hold in trust and recovery was evidenced in writing, as follows:-

"The State of Texas. County of El Paso.

Whereas, Tornillo Camp, No. 42, Woodmen of the World * * * * in regular session ordered the managers as auditors and trustees * * * * to sell, transfer and convey to the undersigned, the following real estate (then follows description) ; and, whereas, said officers have executed and delivered said deed, thereby transferring and conveying said property to the undersigned; this is to acknowledge that I have received said conveyance in trust and agree to reconvey the same to such person as said officers shall direct, at any time they may request said conveyance. Dated, signed and acknowledged August 24th, 1921. Filed for record October 24th, 1922."

The deed to Jones was recorded but the agreement of Jones was not recorded until October, 1922. Meanwhile, creditors of Jones levied an attachment upon the property, in June, 1922, and in December, 1922, obtained judgment for their debt and foreclosure of attachment lien. Shortly after the levy of attachment lien this suit was filed by Darr, et al., trustees for Woodmen of the World.

Plaintiffs in error contend that the declaration of trust executed by Jones is such an instrument as must be recorded to protect the equitable title of defendants in error against attaching creditors. Article 6824 is as follows:

"* * * All bargains, sales and other conveyances whatever of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance, or for a term of years: * * * shall be void as to all creditors and subsequent purchasers for valuable consideration without notice unless they shall be acknowledged or proved and filed with the clerk to be recorded as required by law."

Defendants in error insist that said instrument, though entitled to record under Article 6823 is not within the scope of Article 6824,

and therefore their equitable title was superior to the attachment lien.

If defendants in error are correct in their contention, no necessity exists to consider any other questions raised by the assignments.

Thus, the first question presented is whether or not the instrument above set out falls within the purview of Article 6824, requiring certain instruments to be recorded.

When a right is solely and exclusively of legislative creation and does not derive existence from the common law or principles of equity and creates a new right by statute, the courts will not extend the application of the statute, but will limit its application to the exact words of the Act. "He who would avail himself of such a summary remedy must bring himself within both the letter and spirit of the law." Sutherland, on Statutory Construction, Second Edition, Sec. 572.

The terms of Article 6824 should doubtless be construed for the suppression of the mischief it was designated to prevent, and all conveyances within its spirit and scope should be brought under its operation. To go further would be for the Courts to assume legislative functions and transcend the authority of a judicial tribunal. The instrument under consideration created a trust in lands, and under no rational rule of construction can it be regarded as a conveyance or passing of an estate in land. It is merely the written acknowledgment of a trust created by the agreement of the parties when the deed was executed, placing the naked legal title in Jones and retaining the equitable title in the trustees of the Woodmen of the World. The deed being absolute on its face but in fact passing only the naked legal title to Jones, are the lands so conveyed subject to the creditors' attachment lien?

It will not be questioned that had the trustees been less diligent in attempting to protect the interest of their organization and left the proof of the trust to parol evidence, that no interest in the land would have been acquired by the attachment lien, as against the equitable title remaining in the Woodmen of the World, and if proof of the trust had been left to parol, the attaching creditors would have acquired no more interest in the land than Jones had. Grace v. Wade, 45 Texas, 522; Parker v. Coop, 60 Texas, 111; McKamey, et al. v. Thorp, et al., 61 Texas, 648; Blankenship v. Douglas, 26 Texas, 227; Oberthier v. Stroud, 33 Texas, 522; Senter & Co. v. Lambeth, 59 Texas, 259; Henderson v. Rushing, 105 S. W., 840; First State Bank of Amarillo v. Jones, 183 S. W., 874.

It is the settled law in this state that attachment lien creditors acquire no greater interest in the land than that owned by the debtor, at the date of the levy, except where such common law rule has been abrogated by the registration laws expressly defining the

effect of unrecorded conveyances and mortgages against purchasers and creditors without notice.

But plaintiffs in error contend that because the instrument was estitled to record it must be recorded to protect the equitable title remaining in defendants in error. That instruments permitted to be recorded are not required to be recorded in order to protect the equitable title against attaching creditors is held in Adams v. Williams, 248 S. W., 676; the opinion by the Commission of Appeals saying:

"There having been under the facts certified a valid assignment of the two vendor's lien notes in controversy to Mrs. Cooper, the lien securing the same and the right to enforce such lien by foreclosure upon the land and the sale thereof, if necessary, passed to her with the debt evidenced by said notes. * * *Article 6824 of our registration statutes (Vernon Sayles' Ann. Civ. St. 1914) has no application to the assignment of promissory notes as such."

In Traders' Nat'l Bank v. Price, 228 S. W., 160, the Commission of Appeals held:

"An affirmative declaration or an act equivalent to such declaration by the record owner of the notes that same had been paid, satisfied or canceled, or the lien released or extinguished, would protect one dealing with the land in good faith for a valuable consideration and without notice, but in the absence of such affirmative declaration or equivalent act by the record owner, the fact that transfer of note and lien were not of record would be without effect upon the rights of the respective parties. Henderson v. Pilgrim, 22 Tex. 464 and Moran v. Wheeler, 87 Tex. 179. * * * Whether the above article (6824) required the recording of every instrument conveying any interest in land, or only such as are 'made for the passing of an estate of freehold, of inheritance, or for a term of years' and whether the assignment of a vendor's note and lien conveys an estate or interest within the purview of the article, need not, in our view of the case, be determined. * * *"

In the case of Shear v. Currie, 295 Fed. 841, the Circuit Court of Appeals held a vendor's lien valid as between the debtor and creditor though an assignment of the same was unrecorded and the lien had been erroneously released of record, is superior to a subsequent attachment lien. The Court says:

"At common law, apart from the effect of registration statutes, the lien of a creditor, obtained through the institution of legal proceedings, is confined to the interest of the debtor in the property at the time of the levy of the process, and this is the rule in Texas. The rule in Texas in cases of attachment liens has been held to be different by reason of its registration statutes from the common law

rule. Paris Grocer Co. v. Burks, 101 Tex. 106, 105 S. W., 174. * * * In that case an unrecorded deed was postponed to an attachment lien, not upon the ground that credit had been extended to the apparent owner on the faith of the record which estopped the holder of the unrecorded deed, but because the statute declared the unrecorded deed to be void as to creditors, regardless of any estoppel. This principle was later recognized in Parks v. Worthington, 101 Tex. 505, 109 S. W., 909. In the case of First State Bank v. Jones, 107 Tex. 623, 183 S. W., 874, the same court held that a judgment lien creditor did not stand in the same position as an innocent purchaser for value without notice, because his position had not been changed to disadvantage in order to acquire his lien, and that he was entitled only to whatever interest his judgment debtor had in the property levied upon and that the lien of the judgment creditor was inferior to that of a prior recorded deed of trust though through mutual mistake a release of the deed of trust had been executed and recorded before the levy, which recited payment of the entire debt and fully released the lands on which the judgment lien was claimed. * * * The Texas courts have construed the words 'all creditors' of the statute to mean creditors who acquired a lien by legal proceedings without notice of the unrecorded instrument. Paris Grocer Co. v. Burks, supra. In the Burks case, the common law rule that the attachment lien only fastened upon the interest of the debtor was changed by the terms of Article 6824 so as to make it effective against the interest of a grantee of the debtor, claiming under an unrecorded conveyance. This was accomplished solely because the language of Article 6824 made such unrecorded conveyance inoperative as to creditors. In the Jones case, Article 6824 was not a factor. In that case there was no unrecorded instrument involved. The bank's deed of trust and the release of the lien of the deed of trust were both on record. The Court held that the record of the release would protect an innocent purchaser who parted with a valuable consideration on the facts of its recitals, but would not protect a judgment creditor who gave up nothing to acquire his lien. An innocent purchaser was held to be protected not through the registration laws but by estoppel. The creditor having parted with nothing was not in a position to invoke estoppel and Article 6824 did not apply to him.

"In the present case there was an unrecorded assignment of a vendor's lien and a release on the record by the record owner of the lien though the debts secured by the vendor's lien had not in fact been paid nor the lien satisfied. Undoubtedly an innocent purchaser would have received protection in this situation through estoppel regardless of the registration acts. First State Bank v.

Jones, supra; Wooten Gro. Co. v. Lubbock State Bank (Tex. Com. App.) 215 S. W., 835; Trader's Nat'l Bank v. Price (Tex. Com. of App) 228 S. W., 160. A creditor would receive like protection only if he could bring himself within the registration acts; otherwise the common law rule by which his lien gave him no more than his debtor owned when the levy was made would prevent his getting by his levy an interest which his debtor had parted with. In the Burks case, the lien of the creditor prevailed over the unrecorded deed because of Article 6824. In this case, the unrecorded assignment of the vendor's lien did not come within the terms of Article 6824. It was not a bargain, sale or other conveyance of any land, tenement or hereditament, which passed an estate of freehold, inheritance or term of years, nor was it a deed of trust or mortgage.

"Whether or not such an assignment was within Article 6824 was left undecided in the case of Traders Nat'l. Bank v. Price by the Supreme Court of Texas. We are therefore free to decide it according to our convictions. In the same case the Supreme Court of Texas said that an assignment of a vendor's lien was an instrument, the record of which was permitted under Article 6823, as being in the class of 'other instruments of writing concerning any lands or tenements' and that an innocent purchaser who had parted with value on the faith of the record could invoke the doctrine of estoppel and claim protection under it. Article 6823 does not avoid unrecorded instruments authorized by it to be recorded either in favor of creditors or purchasers. Unless a creditor can bring himself within the terms of Article 6824 he is therefore without protection. Article 6823 gives him none and having parted with nothing of value he cannot invoke estoppel. As an assignment of a vendor's lien is not within the terms of Article 6824, the lien of an attaching creditor does not prevail over it. An attaching creditor is left with the rights he had at common law and can claim as against such an unrecorded assignment only the actual interest of his debtor at the time of the levy."

The equitable title of the defendants in error was the superior title. It existed independent of the written instrument executed by Jones and could have been enforced in a court of equity had the instrument never been executed. That being true, regardless of the registration statute, the title of the defendants in error was superior to the lien of the attaching creditors and was not within or affected by Article 6824. Henderson v. Rushing, et al., 105 S. W., 840; Hawkins v. Willard, 38 S. W., 365; Cettie v. Wilson, et al., 168 S. W., 996; Long v. Field, et al., 71 S. W., 774; Uhl v. Weiden, et al., 81 N. W., 571.

In Hawkins v. Willard, supra, Josephine Hawkins acquired 160 acres of land from Walker by deed dated February 1st, 1886. recorded December, 1889. In order to obtain money to pay Walker the balance of purchase price and for no other purpose, she deeded the land to her son, December, 1889, so that he might mortgage it for that purpose. Failing to raise the money by this means, she obtained it elsewhere, paid off the balance to Walker and recorded his release, 1890. Her son, B. O. Hawkins reconveyed to her in November, 1891, but this deed, though made before, was not recorded until after the land had been levied upon as the property of B. O. Hawkins by his creditors. The sole consideration for the deed back to his mother by B. O. Hawkins was to reinvest her with the legal title. The creditors sought to apply Article 6824 and asserted that failure to record the deed from Hawkins to his mother subordinated her equitable title to their liens. The Court held:

"It may be conceded no actual notice being charged against the plaintiff in execution, that the levy would prevail over the unrecorded deed from B. O. Hawkins to appellant. But this is because of our registration statute which declares such unrecorded conveyances to be void as to creditors. McKamey v. Thorp, 61 Tex. 648, and cases there cited. The deed from B. O. Hawkins being thus null, did appellant show an equitable right superior to that acquired by execution levy without notice there? Undoubtedly the conveyance to B. O. Hawkins, though absolute in form, was in reality in trust; and while it placed the legal title in him, he held it, particularly after the purpose of the conveyance has otherwise been accomplished in trust for his mother. Such a trust whether it be regarded as a resulting or an express trust, may be established by parol in this state. Black v. Caviness, 2 Tex. Civ. App. 118, 21 S. W., 635; Clark v. Haney, 62 Tex. 511; Hudson v. Wilkinson, 45 Tex. 444; Bailey v. Harris, 19 Tex. 109. It was not, therefore, within either our statute of frauds (which requires certain rights to be evidenced in writing) or our registration statute (which requires certain written instruments to be recorded). Briscoe v. Bronaugh, 1 Tex. 326; Orme v. Roberts, 33 Tex. 768 and numerous cases cited. For a review of the leading and earlier cases, see Parker v. Coop, 60 Tex. 111. This equitable right of appellant was not lost by her failure to have the reconveyance of the bare legal title placed on record, as was expressly held in Blankenship v. Douglas, supra. See also, Boos v. Ewing, 17 Ohio, 500. The reasons supporting the foregoing conclusions have been too often given in the opinions of our Supreme Court to require repetition here."

In Cetti v. Wilson, et al., 168 S. W., 996, the court held that an equitable title was superior to lien of attaching creditors of the owner

of apparent legal title, and the failure of the real owner to record
the deed of correction conveying the legal title did not affect his
right to assert his equitable title.

This case clearly distinguishes between the position of a *bona fide*
purchaser for value and a creditor, and holds that as to the first
the equitable title passes, but as to the second the failure to record
a deed of correction placing the legal title in the equitable owner
is not within the purview of the registration statutes.   The Court
says:

"That article of the statutes was construed in Grace v. Wade,
45 Tex. 552 which decision has been uniformly approved in subse-
quent decisions of our Supreme Court, and Court of Civil Appeals.
See McKamey et al. v. Thorp, et al., 61 Tex. 648; Hill v. Moore,
62 Tex. 619; Parker v. Coop, 60 Tex. 111; and other decisions cited
in Rose's Notes of Texas Cases, Vol. 2, p, 644.   The rule established
by those decisions is that a lien fixed by the judicial process upon
land without notice of an unrecorded deed is superior to such deed
and that a subsequent purchase of such land, even with notice of
the unrecorded deed, would vest title in such purchaser to the
exclusion of such deed; and that, too, even though the creditor
himself be the purchaser and the amount of the bid is credited upon
the judgment rendered in his favor.   But in those cases the court
approved the doctrine announced in Blankenship v. Douglas, 26 Tex.
226, 82 Am. Dec. 608, which decision has likewise been uniformly
approved that the registration statute above noted would not exclude
an equitable title to the land as the same is not subject to registra-
tion.   The question then is: Was the title held by Adamson at the
time of the levy of the writ of attachment a legal or equitable title?
The deed from Mahone to Nathan Gregg conveying the legal title to
an undivided one-half interest of the survey having been executed
by mutual mistake, in that only an undivided one-fourth interest
was intended to be conveyed, Gregg held the legal title in trust
for Mahone and his subsequent vendee, Adamson.   In other words,
while the legal title to that excess interest stood in the name of
Nathan Gregg, the equitable title was in Mahone and was thereafter
vested in Adamson by the deed from Mahone and the deed of cor-
rection from Gregg and such equitable title was not subject to regis-
tration and was not affected by the registration statute noted.   Haw-
kins v. Willard, 38 S. W., 365; Henderson v. Rushing, 47 Tex. Civ.
App. 485, 105 S. W., 840; Long v. Fields, 31 Tex. Civ. App. 241,
71 S. W., 774."

The decisions of this State uniformly held that the registration
statutes do not apply to equitable titles.   That *bona fide* purchasers
for value are protected against the assertion of such title; is because
of the doctrine of estoppel and not the registration statutes.

The Supreme Court of the State of Michigan in passing upon a similar question in Uhl v. Weiden, et al., 81 N. W., 571, says:

"So far as the naked legal title is concerned this deed (unrecorded deed conveying legal title to equitable owner) may be declared void as against the levy; but complainant (holder of the equitable title) has a better and underlying title, one not created by it and one not within the letter nor the spirit of the statute * * * * wipe out his deed and he still has the superior claim."

We will briefly note the authorities cited by the plaintiffs in error, none of which, in our opinion, are in conflict with the majority opinion of the Court of Civil Appeals:

In Stephens, et al. v. Keating, 17 S. W., 37, while the Court in its opinion seems to indicate that all instruments that may be recorded must be recorded or else be void under Article 6824, the decision of that question was not necessary to the disposition of that case. Miller and wife conveyed to Stephens, who executed an agreement to reconvey. The deed was recorded. The agreement to reconvey was not. Brown, a creditor of Stephens, secured a judgment and had said land sold under execution. Keating, without notice of the agreement or interest of the Millers, bid said property in for a consideration of $140.00. After the bids were closed, but before the constable's deed was delivered, Stephens told Keating that the land belonged to Mrs. Miller. Keating was a *bona fide* purchaser for value without notice until after his bids had been accepted and he bound to carry out the purchase or be penalized for such failure, under Article 3771, Rev. Civ. Stat. He was therefore entitled to protection as *bona fide* purchaser, irrespective of whether or not the instrument executed by Stephens was required to be recorded.

In Chamberlain v. Boon, 74 Tex. 659, the court held that the declaration of trust therein mentioned was "entitled to record" Article 6823, and a certified copy was admissible in evidence. The question here was not involved. Baldwin v. Richardson & Co., 33 Tex. 16, the decision is based on a question of notice. In Batts & Dean v. Scott, et al., 37 Tex. 59, it was held that a *bona fide* purchaser was protected against unrecorded mortgage. In Wimberly v. Bailey, 58 Tex. 227, the question of registration was not necessary to a decision of the case. In Linn v. Le Compte, 47 Tex. 440. it was held that a *bona fide* purchaser at execution sale prevails over the holder of an unrecorded executed contract for sale. Briscoe v. Bronaugh, 1 Tex. 326, it was held that a Vendor's Lien was not required to be registered. In McKamey, et al. v. Thorp, et al., 61 Tex. 651, it was held that an execution lien and sale thereunder for value will hold good against unrecorded conveyance but "that a resulting trust is not within purview of registration laws" and therefore such a lien

would not be effective as against the *cesui qui* trust. Masterson v. Burnett, 66 S. W., 93, held that an attaching creditor was not *bona fide* purchaser and that a deed and mortgage constituted one transaction. Paris Grocer Co. v. Burk, 105 S. W., 174, held that the lien of an attaching creditor without notice is superior to an unrecorded deed. In Ranney v. Hogan, 1 Posey 253, it was held:

"The conveyance of one holding land in trust to a purchaser without notice for a valuable consideration passes the legal title discharged of the trusts and that a *bona fide* purchaser without notice is protected against holder of unrecorded deed."

In Catlin v. Bennett, 47 Tex. 165, it was held that a vendor who has received full consideration and placed vendee in possession, has no interest in said land subject to lien of attaching creditors. We have sought by this review of the authorities cited by plaintiffs in error to show that the conclusion we have reached is not at war with those cases, and that those cases though sound in principle, are inapplicable to the state of facts here presented.

We are of the opinion that the instrument evidencing the trust was not required by the statute to be recorded and that the title of defendants in error was not affected by the attachment lien. We therefore affirm the judgment of the Court of Civil Appeals reversing and rendering the decision of the trial court.

ASSOCIATE JUSTICE RUTH VIRGINIA BRAZZIL (concurring).

The writer concurs in the affirmance of the opinion of the Honorable Court of Civil Appeals, but desires to add the following:

Plaintiffs in error refer us to Article 6828 R. S., as being applicable to this case. Presuming that Article 6828 does extend the operation of Article 6824 to all classes of instruments named in Article 6828, the writer would still be of the opinion that same was inapplicable to the case before us, because the registration statute, as shown by the unbroken line of decisions of the Supreme Court of this State, has no application to equitable titles. The decisions of this State are uniform in holding that equitable titles are not affected by the registration Statute. Hawkins v. Willard, 38 S. W., 365; Cetti v. Wilson, 168 S. W., 996 and numerous other cases mentioned in the foregoing opinion.

Applying the same principles to the case before us the writer concludes that the title held by the defendants in error was not affected by the registration statutes and therefore the failure to record the declaration of trust in no way impaired their rights.

Further considering the effect of notice or lack of notice brings us back to the soundness of the fundamental proposition of law that neither law nor equity will intervene between parties, except to

redress or prevent the commission of a wrong, and in this case unless it is affirmatively shown that credit by the creditors of Jones was extended to Jones before the registration of the deed to him it becomes immediately manifest that the relationship of the parties has not been adversely affected by the making and registering of a deed to Jones. Therefore the creditors have lost nothing by said transaction, there is no injury to prevent and no wrong to redress.

ASSOCIATE JUSTICE HATTIE L. HENNENBERG, (concurring).

I concur in the opinion of the majority of the court that the instrument executed by Jones is not within the terms of Article 6824, Revised Civil Statutes, and that the lien of the attaching creditor does not prevail over it. Therefore, the attaching creditor is left with the rights he had at common law, and can claim as against such unrecorded instrument, only the actual interest of Jones at the time of the levy.

*Affirmed.*