## HENDERSON et al. v. ODESSA BUILDING & FINANCE CO. (No. 2281.)

Court of Civil Appeals of Texas. El Paso.
March 14, 1929.

Rehearing Denied April 4, 1929.

Paul Moss, of Odessa, for appellants.

C. W. Tate and Jno. F. Weeks, both of Odessa, for appellee.

PELPHREY, C. J. Mrs. Florence Williams was the owner, or claimed to own, a great number of lots in the original town site and the S. Williams addition to the town site of Odessa, Tex., and on the 7th day of November, 1927, she executed a warranty deed to certain of said lots to appellee herein, among them being lot 5, block 103, S. Williams subdivision.

On April 28, 1928, appellants recovered a judgment against Mrs. Williams for $1,200 in the district court of Ector county, Tex., and on May 31, 1928, execution was issued by virtue of said judgment and levy was made on lot 3, block 102, of the said subdivision.

On July 3, thereafter, the said lot was sold to appellants by the sheriff of Ector county, for the sum of $1,334.95, and deed executed to them by the sheriff.

On June 28, 1928, and prior to the aforesaid sale, Mrs. Williams executed a confirmation deed to appellee, in which lot 3, block 102, was conveyed, the deed reciting that she was the owner of said lot on November 7, 1927, the date of the original deed to appellee; that she was not the owner of lot 5, block 103; that she on said date sold lot 3, block 102, but by mistake it was written lot 5, block 103; and that, by the execution of the confirmation deed, she ratifies and confirms the sale so made.

Notice of the claim of appellee was communicated to the attorney for appellants on the day of the sheriff's sale and before it was made.

On July 17, 1928, this suit was instituted with appellee as plaintiff and appellants as defendants.

The action is in trespass to try title and to remove cloud from title.

Appellants answered by general and special demurrers and by plea of not guilty.

The case was tried without the intervention of a jury, and judgment was rendered awarding title and possession of lot 3, block 102, to appellee and removing the cloud created by the sheriff's deed.

The court filed the following findings of fact and conclusions of law:

### "Finding of Fact.

"I find that on November 8th, 1927, Mrs. Florence Williams, a feme sole, was the owner of lot 3, block 102, of the S. Williams Addition to the town of Odessa, Ector County, Texas. The plaintiff is a corporation, incorporated under the laws of the State of Texas, with its general office located in the town of Odessa, Texas. Mrs. Florence Williams was a subscriber to the capital stock of said plaintiff and she paid for her stock by putting into the corporation certain lots in the town of Odessa, Ector County, Texas, said lots being conveyed by her to said plaintiff by general warranty deed. Amongst the lots conveyed and recited was lot No. 3, in block No. 103, S. Williams Addition to the town of Odessa, Ector County, Texas. I find further that at the time of the execution and delivery of this deed that Mrs. Florence Williams and the

plaintiff were under the impression that said deed contained the lot in controversy, together with the improvements situated thereon and that they both were under the impression that same was lot No. 3 in Block No. 103, in the S. Williams Addition to the town of Odessa, Ector County, Texas.

"I further find that it was the intention of Mrs. Florence Williams and the plaintiff that the said deed above described should have recited lot No. 3, in Block No. 102, instead of Lot No. 3, in Block 103, and I further find that there was a mutual mistake in said recitation of said lot in said above named deed.

"I further find that Mrs. Florence Williams treated said lot as being the property of said plaintiff after said deed was made and delivered and also that the plaintiff treated same and so considered it as its property. Some months after said deed above described was delivered by said Mrs. Florence Williams to plaintiff the defendants obtained the judgment in the District Court of Ector County, Texas, against Mrs. Florence Williams and had said judgment recorded and abstracted in due form and said judgment created a lien on whatever property the said Mrs. Florence Williams at that time owned. Execution was issued and the sheriff of Ector County levied on lot No. 3 in Block No. 102 of the S. Williams Addition to the town of Odessa, Ector County, Texas, as the property of Mrs. Florence Williams. When this fact came to the attention of plaintiff and Mrs. Williams, a correction deed was given by Mrs. Williams to plaintiff and on the date of sale this fact was called to the attention of the attorney for defendants.

"I find further that on the date of the sale by the sheriff of Ector County to the defendants, and prior thereto, including the date of the levy, that Mrs. Florence Williams owned no interest in the property in controversy, save and except she being a stock holder in the plaintiff company.

"I further find that the defendants on the date of levy of execution had no notice that Mrs. Florence Williams had intended to convey the property in controversy to plaintiff in the deed mentioned above given by her to plaintiff when the organization of plaintiff company as a corporation."

"Conclusion of Law.

"Mrs. Florence Williams having conveyed to plaintiff her interest in the lot in controversy, prior to the date of levy, the sheriff's deed conveyed no interest to defendants and plaintiff is entitled to recover judgment to the title and possession of said property."

This appeal is prosecuted from the above judgment.

Opinion.

The judgment is attacked by appellants in their brief on the following grounds: (1)

That the undisputed evidence showing that Mrs. Florence Williams was the record owner at the time of the levy, and that appellants having no notice, at the time of the levy, of any claim or interest of appellee, judgment should have been rendered for appellants; (2) that the judgment removing appellants' deed as a cloud on the title was erroneous because under the facts Mrs. Williams and appellee were estopped to deny she owned the lot in question; (3) that the undisputed evidence showing that Mrs. Williams and the vendee corporation, appellee, were identical, that she owned and controlled the corporation, and that in fact there was never any change of ownership in the lot, judgment should have been for appellants; (4) because the appellant makes no specific allegations sufficient to show ownership in the lot; (5) because the original deed is void as to the lot in question, and that appellee's title, if any it had, under the correction deed, came into being on the date of such deed; (6) because the evidence introduced by appellee is ex parte, hearsay, self-serving, contradictory, and not clear and convincing enough to justify the court in finding against the recital in the deed.

Appellants also complain of some of the findings of fact of the court, but we deem it unnecessary to discuss them here.

■ It is a well-settled rule of law that the lien of an attaching creditor is limited to the actual interest which the debtor has in the estate, unless it is governed by the operation of some registration statute. Traders' Nat. Bank v. Price et al. (Tex. Com. App.) 228 S. W. 160; Blankenship v. Douglas, 26 Tex. 226, 82 Am. Dec. 608; Grace v. Wade, 45 Tex. 522; Johnson et al. v. Darr et al., 114 Tex. 516, 272 S. W. 1098.

■ In the case at bar, under the findings of the trial court, and there seems to be evidence to support such finding, appellee had the equitable right to have the deed from Mrs. Williams to it reformed on the ground of mutual mistake.

■■ This was a right which was not covered by the registration laws, and therefore, when the levy was made, appellants acquired the property subject to that equitable right, and when the correction deed was executed, the title to the property passed to appellee as fully as it would have by a decree in equity.

The trial court being of the opinion that the evidence showed a mutual mistake as to the description in the original deed, the judgment rendered was a correct one, and the fact that the court confused the number of the lot conveyed in the original deed, in his findings, would not affect it.

In view of our above holding on what we consider the controlling question in the case, we deem it unnecessary to discuss the remainder of the questions raised, further than

to say that all the assignments are overruled.

The judgment being the one which we think should have been rendered, it is affirmed.