

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 6, 1969

Col. Wilson E. Speir, Director
Texas Department of Public Safety
5805 North Lamar
Austin, Texas 78751

Opinion No. M-507

Re: Construction of S.B. No. 743, Acts 61st Leg., R.S. 1969, relating to hours of operation under an occupational drivers' license.

Dear Colonel Speir:

You have requested an opinion from this office concerning occupational drivers' licenses under the provisions of Senate Bill No. 743, Acts 61st Leg., R.S. 1969, Chapter 612, page 1821, and particularly ask whether "the actual hours to be driven during each specific period of time must be definitely set out so that an enforcement officer examining the license, which must contain the restrictions, will know by looking at his watch whether the driver is violating the terms of the order and license."

Your letter states that the department has received some orders wherein the restricted hours of vehicle operation are stated as "Any Ten (10) hour period between sunrise and sunset," and "Any Ten (10) hour period between 7:30 a.m. and 6:00 p.m.," and that you can imagine other terms which would tend to allow flexible use of the permit by not stating definite hours.

Senate Bill 743 amends Article 6687b, Vernon's Civil Statutes, by adding Section 23A, pertinent portions of which read as follows:

"(a) Any person whose license has been suspended for other than physical or mental disability or impairment may file with the judge of the district court having jurisdiction with the county of his residence, a verified petition setting forth in detail an essential need for operating a motor vehicle in the performance of his occupation or trade. . . . In the event the judge enters the order finding an essential need

-2430-

as set out herein, he shall also, as part
of such finding, determine the actual need
of the petitioner in operating a motor
vehicle in his occupation or trade and
shall restrict the use of the motor vehicle
to the petitioner's actual occupation or
trade and the right to drive to and from
the place of employment of the petitioner.
. . . Such restrictions shall be definite
as to the hours of the day, days of the
week, type of occupation and areas or
routes of travel to be permitted, except
that in any event the petitioner shall
not be allowed to operate a motor vehicle
more than ten (10) hours in any twenty-
four (24) consecutive hours. . . . A
certified copy of the petition and the
court order setting out the judge's find-
ing and the restrictions shall be for-
warded to the Department.

"(b)  Upon receipt of the court order
set out in (a) above . . . , the Department
shall issue an occupational license, show-
ing on its face the restrictions set out in
the order of the court.

"(c)  Any person who violates the res-
trictions on his occupational license shall
be guilty of a misdemeanor and upon con-
viction thereof shall be punished in the
same manner as one convicted of driving
a motor vehicle while license is suspended,
and such occupational license shall be
automatically cancelled."  (Emphasis added.)

By enactment of Senate Bill 743 the Legislature created
a new right or privilege which is an exception to the general
laws relating to the operation of a motor vehicle after
the suspension of a drivers' license.

It is an established rule of construction that a
statute constituting an exception to a general law
will be strictly construed and not extended by judicial
construction.  53 Tex. Jur. 2d 309, Statutes, Sec. 201.

Moreover, when a right is solely and exclusively of
Legislative creation, and does not derive existence from

the common law or principles of equity, and creates a new right by statute, the courts will not extend the application of the statute, but will limit its application to the exact words of the act. Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098 (1925).

Senate Bill 743 requires that upon finding an essential need for an occupational drivers' license the court "shall restrict the use of the motor vehicle," and that "[s]uch restrictions shall be definite as to the hours of the day, . . ."

Webster's Third New International Dictionary defines definite as having distinct or certain limits: determinate in extent or character: limited, fixed: marked by absence of the ambiguous, obscure, doubtful, or tentative and by certain clear statement or expression by means of flat positive assertion, careful statement of limitation.

Any is defined as one indifferently out of more than two: one or some indiscriminately or whatever kind: one or another: this, that or the other.

Hence, an order restricting the use of a motor vehicle to "any ten (10) hour period" between sunrise and sunset, etc., is indefinite and does not comply with the Act which requires that such restrictions "shall be definite" as to the hours of the day.

In view of our analysis above, it is our opinion that the order of a court finding an essential need for an occupational drivers' license under the provisions of Senate Bill 743 must set forth the actual hours to be driven during each specific period of time with such definiteness and certainty that violations of the restrictions may be determined by reference to a timepiece. Therefore, we answer your question in the affirmative.

SUMMARY

A court order finding an essential need for an occupational drivers' license under the provisions of S.B. 743, Acts 61st Leg., R.S. 1969, Ch. 612, p. 1821 (Art. 6687b, Sec. 23A, V.C.S.) must set forth the actual hours a motor vehicle may be driven during each specific period with such definiteness and certainty that violations of the restrictions may be determined by reference to a timepiece.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Thomas Sedberry
Jack Sparks
Malcom Smith
Alan Minter

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant